IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                    Civil Action No. 5:12-cv-92

CONSOL PENNSYLVANIA COAL
COMPANY LLC, a foreign limited liability
Company and subsidiary of CONSOL
ENERGY, INC., McELROY COAL
COMPANY, a foreign corporation
and subsidiary of CONSOL ENERGY,
INC., and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

## AFFIDAVIT OF REASONABLE EXPENSES

The Affiant, D. Kevin Coleman, Esq., being first duly sworn, deposes and states as follows:

1.     This affidavit is filed herein in accordance with the Court's February 1, 2013 Text Only Order (Doc. No. 60) directing plaintiff to submit an affidavit of reasonable expenses incurred in filing its motion to compel the defendants' complete, required disclosures.

2.     The affiant is an attorney employed with the law firm of Casey & Chapman, PLLC counsel for the plaintiff if this action. The affiant has been a licensed attorney of good standing in the State of West Virginia and before the United States District Court for the Northern District since October, 1992.

1

3. In accordance with the Court's order, the affiant has identified herein all reasonable expenses incurred in pursuit of plaintiff's motion to compel.

4. Plaintiff's reasonable expenses incurred in furtherance of its motion to compel include 10.10 hours of work by the undersigned charged at $210.00 per hour for a total of $2121.00.

5. Plaintiff's reasonable expenses were incurred are as follows:

   a. 01/21/13 – 1.20 hours researching motion to compel; exchanged emails with Attorneys Casey and Chapman re decision to file motion to compel;

   b. 01/22/13 – 2.10 hours researching and preparing motion to compel and memo in support; exchanged emails with Attorneys Casey and Chapman re draft of motion to compel;

   c. 01/23/13 – 0.80 hours receiving and reviewing email from Renner pertaining to defendants' satisfaction of requested information and preparing supplemental memo for motion to compel; exchanged emails with Attorneys Casey and Chapman re filing supplemental motion to compel;

   d. 01/25/13 – 0.40 hours receiving email from Renner re motion to compel and exchanging emails with Attorneys Casey and Chapman re response to Renner's email re motion to compel;

   e. 01/28/13 – 0.40 hours researching and preparing response to Renner's email re motion to compel;

    f.    01/29/13 – 0.40 hours multiple email exchanges with Renner and Attorneys Casey and Chapman re negotiations over defendants' compliance with disclosure requirements;

    g.    01/31/13 – 0.90 hours incurred in email exchanges with Attorney Renner re continued negotiations to resolve motion to compel; prepared and filed notice of compliance and request for expenses;

    h.    02/01/13 – 0.20 hours reviewing and scheduling Magistrate's order denying motion to compel and moot and setting hearing on request for expenses;

    i.    02/14/13 – 1.20 hours reviewing defendants' response in opposition to motion for expenses and researching and preparing reply memorandum in support of motion for expenses;

    j.    02/15/13 – 1.70 hours preparing affidavit of reasonable expenses and finalizing and preparing affidavit and reply memorandum for filing;

    k.    2/20/13 – 0.80 hours (estimated) preparing for and attending hearing on motion for reasonable expenses.

    l.    All of the above is the time incurred by the undersigned.

6.    The firm of Casey & Chapman, PLLC is representing the plaintiff under a contingent fee agreement. Since the undersigned joined Casey

& Chapman in April 2012, the typical hourly rate at which his time is billed for new matters in which an hourly rate is charged to the client is $210.00.

7. In *Progressive Minerals, LLC v. Rashid*, 5:07-CV-108, a 2009 case, this Court approved an hourly rate of $200 in awarding expenses on a motion to compel (2009 WL 2761295). More recently, Magistrate Kaull approved an hourly rate of $250 for expenses incurred in bringing a motion to compel in a "non-complex" matter. *Phoenix Drilling, Inc. v. East Resources, Inc.*, 2012 WL 1038756 (N.D.W.V. 2012).

FURTHER AFFIANT SAYETH NAUGHT.

By   /s/ D. Kevin Coleman
          Counsel for Plaintiff

Taken, sworn to and subscribed before me, a Notary Public, in and for the State of West Virginia, this 15th day of February, 2013.

                                      Scheryl L. Cox
                                         Notary Public

My Commission Expires:
  May 28, 2020

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
SCHERYL L. COX
...ding Avenue
Wheeling, West Virginia 26003
My Commission Expires May 28, 2020

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **AFFIDAVIT OF REASONABLE EXPENSES** was served upon counsel of record by electronic filing this 15th day of February, 2013:

>David J. Delfiandra, Esq.
>Steven M. Reinsel, Esq.
>David E. Renner, Esq.
>Leech, Tishman, Fuscaldo & Lampl
>525 William Penn Place, 30th Floor
>Pittsburgh, PA 15219

>William A. Kolibash, Esq.
>Phillips, Gardill, Kaiser & Altmeyer
>61 – 14th Street
>Wheeling, WV 26003

**TONY B. CLAY, Plaintiff**

By  /s/ D. Kevin Coleman
      Counsel for Plaintiff