IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

      Plaintiff,

v.                                                                    Civil Action 5:12cv92

CONSOL PENNSYLVANIA COAL
COMPANY, LLC, MCELROY COAL
COMPANY, & CONSOL ENERGY, INC.,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO ENTER ONTO LAND, AND DENYING DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER**

*I. INTRODUCTION*

      Plaintiff filed this action alleging age and racial discrimination during his employment at a coal mine, and in his eventual termination from that position. The instant dispute revolves around Plaintiff's request to inspect, photograph, and videotape parts of the mine where he worked. The parties filed cross motions on this dispute: Plaintiff seeking to compel the inspection, and Defendants seeking a protective order to prohibit it. The Court held an evidentiary hearing and heard argument on the motions on April 15, 2013. Plaintiff appeared by David K. Coleman, Esquire, and Patrick S. Casey, Esquire. Defendants appeared by David E. Renner, Esquire, Steven M. Reinsel, Esquire, and William A. Kolibash, Esquire. No testimony or other evidence was presented.

*II. DISCUSSION*

      Federal Rule of Civil Procedure 34 allows a party "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on

1

it." FED. R. CIV. P. 34(a)(2). A party making the request to enter onto land "must describe with reasonable particularity each item or category of items to be inspected," and "specify a reasonable time, place, and manner for the inspection and for performing the related acts." FED. R. CIV. P. 34(b)(1). "[T]he degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). If a party objects to the inspection, the Court employs the factors in determining whether a protective order is appropriate. *See Id.*

In his request to enter the mine, Plaintiff states he wants to inspect, photograph, and videotape

> the general environs of McElroy Mine, including but not limited to where Plaintiff is alleged to have been sleeping on June 2, 2010; locker room areas; where Plaintiff had crow written on his helmet; where Plaintiff was thrown to the ground as alleged in Paragraph 32 of the Amended Complaint; where Plaintiff was taped to the bus as set forth in Paragraph 32 of the Amended Complaint as well as the bus itself; where Plaintiff, as instructed, hid co-workers as set forth in Paragraph 36 of the Amended Complaint; and the offices of the local management of the mine including that of Jonathan Pritt and Mark Courtney.

Initially, Defendants gave a blanket denial to any access at the mine, but have since agreed to allow Plaintiff to inspect the locker rooms, which are above ground, and to have a bus made available above ground for inspection. They maintain denial to all other areas of the mine, arguing that these areas are not relevant to the lawsuit, and that the inspection would be dangerous and disruptive to the mine's operations.

In *Belcher*, the Fourth Circuit was concerned with the district court's compelling the inspection of five of the defendant's plants that would allow interrogation of all employees, with the backdrop of a boilerplate complaint without any specific allegations of discrimination and a motion

which failed "to specify any reason or need for the inspection, relying simply on rule 34." 588 F.2d at 907. The Court held that "[s]ome degree of need must be shown," and that "[i]n most cases, this need is demonstrated by simply showing the relevancy of the desired discovery to the cause of action." *Id*. at 908. In weighing this lack of any specific allegations or need for the inspection against the prejudice posed to the defendant's business operations, the Court found that the request was not appropriate. *Id*. at 909.

      Here, the request is far from that faced by the Fourth Circuit in *Belcher*. Plaintiff, in his amended complaint, alleges very specific allegations of harassment and disparate treatment based upon his race and age that all occurred at the mine. Moreover, the Court understands the need to have photo or video graphic evidence of certain areas to either corroborate Plaintiff's claims, or rebut Defendants. Courts around the country have consistently allowed inspection by employees of their former workplaces in various causes of action. *See e.g. Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698 (S.D. Ga. 2012) (allowing inspection of a paper mill in a personal injury action); *Welzel v. Bernstein*, 233 F.R.D. 185 (D.D.C. 2005) (allowing inspection of defendant's headquarters in gender discrimination action); *Lykins v. CertainTeed Corp.*, 2011 WL 6337631 (D. Kan. Dec. 19, 2011) (allowing inspection of a fiberglass plant in a whistle blower retaliation action); *Eirhart v. Libby-Owens-Ford Co.*, 93 F.R.D. 370 (N.D. Ill. 1981) (allowing inspection of glass plant in gender discrimination action); *Banks v. Interplast Gp.*, 2003 WL 21185685 (S.D. Tx. Apr. 16, 2003) (allowing inspection of plastics plant in gender and racial discrimination action). The Court sees no reason to depart from what appears to be routine discovery practice. Although the Court understands that the coal mine environs are dangerous, the same can easily be said of several of the locales noted above where inspections were allowed.

Although the Court finds that the locations where Plaintiff alleges he was harassed and discriminated against are relevant—this is a cause of action alleging harassment and discrimination—there is an issue with the reasonable particularity of the places to be searched outlined in Plaintiff's motion. In fact, the only places he articulates a physical location of is the motorbarn where he was allegedly found sleeping, the locker rooms, and the offices of two management level employees. Most of the other places Plaintiff alleges something happened but does not know where they happened, only that many of those places are on the longwall of the mine which has likely been destroyed during the routine mining process. For this reason, the Court will only grant the request as it seeks to inspect the motorbarn, the locker rooms, which Defendant's have already agreed to, and the physical offices of the two management level employees. As a further caution, Plaintiff may only photograph and videotape the office itself, and shall not inspect anything within the offices.

Plaintiff has also moved this Court in his motion to compel for an award of reasonable expenses associated with these motions. Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted in part and denied in part, then the court may award reasonable expenses. The Court will entertain Plaintiff's motion for reasonable expenses, and he must submit an affidavit within thirty (30) days of the date of this Order as to those expenses. The Court will then give the Defendants an opportunity to be heard as to why reasonable expenses should not be awarded.

### *III. CONCLUSION*

For the reasons set forth, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel inspection of the McElroy Coal Mine (Doc. 93), and **DENIES**

Defendants' motion for a protective order (Doc 90). Plaintiff's motion is granted to the extent that it seeks inspection of the motorbarn, the locker rooms, and the physical offices of the two management level employees. Defendants shall make these areas available for inspection within thirty (30) days of the date of this Order. Further, Plaintiff shall submit an affidavit for reasonable expenses within thirty (30) days of this Order, and Defendants will be given an opportunity to be heard as to why reasonable expenses should not be granted on Wednesday, June 5, 2013, at 1:30 p.m.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: April 25, 2013                                        /s/ *James E. Seibert*
                                                                               JAMES E. SEIBERT
                                                                               UNITED STATES MAGISTRATE JUDGE