IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                                                                              Civil Action 5:12cv92

CONSOL PENNSYLVANIA COAL
COMPANY, LLC, MCELROY COAL
COMPANY, & CONSOL ENERGY, INC.,

    Defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

*I. INTRODUCTION*

    Plaintiff filed this action alleging age and racial discrimination during his employment at a coal mine, and in his eventual termination from that position. Specifically, the complaint was brought, among other state causes of action, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 2000e, and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq.*, and alleges, among others, the following: (1) that he was subjected to a racially hostile work environment and was continually harassed because of his race; (2) that he was denied fair treatment in hiring and firing practices, compensation, discipline, and conditions of employment; and (3) that Defendants unlawfully retaliated against, and terminated him for, protected activity.

    The instant dispute revolves around Plaintiff seeking discovery from the Defendants. The parties filed cross motions on this dispute: first, Defendants Consol Pennsylvania Coal Company (Consol Pa) and CONSOL Energy (CONSOL) filed a motion for a protective order seeking a stay of discovery until the District Court rules on their pending motion to dismiss the amended

1

complaint; second, Plaintiff filed a motion to compel the production of several document requests. The Court held an evidentiary hearing and argument on the motions on April 15, 2013. Plaintiff appeared by David K. Coleman, Esquire, and Patrick S. Casey, Esquire. Defendants appeared by David E. Renner, Esquire, Steven M. Reinsel, Esquire, and William A. Kolibash, Esquire. No testimony or other evidence was presented.

## *II. DISCUSSION*

The issue in this dispute is whether the Defendants, collectively or individually, must respond to five separate requests for production of documents. Defendants Consol Pa and CONSOL contend that discovery should be stayed as it pertains to them until the District Court rules on their motion to dismiss. In support, they argue, among other things, that they were not Plaintiff's employer, and thus are not proper parties to this suit. Further, they contend that the requests are irrelevant, overbroad, and not likely to lead to the discovery of admissible evidence. The Court will discuss each of these contentions in turn.

### *A. Stay of Discovery*

As mentioned, Defendants Consol Pa and CONSOL have a pending motion to dismiss them from this action. Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders, and provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order bears the burden of establishing good cause. *Ayers v. Cont. Cas. Co.*, 240 F.R.D. 216, 221 (N.D.W.V. 2007).[1] Further, it is well settled that "[a] protective order under Rule 26(c) to stay

---

[1] Rule 26(c) also requires a party seeking a protective order to include a good faith certification that shows the court it has tried, without court intervention, to resolve the dispute. Although this motion does not include that certification, and it is questionable whether the parties even discussed this protective order prior to Defendants' filing, as a matter of judicial economy the Court will proceed to the merits of the motion. *See e.g.* Frontier-Kemper Const., Inc.

discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." *Tilley v. United States*, 270 F.Supp. 2d 731, 734 (M.D.N.C. 2003); *see also Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986). However, "[s]uch motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Consequently, "a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case," *id.*, and a court should not stay discovery that is necessary to gather facts in defense of the motion. *See e.g. Chavous v. District of Columbia Fin. Resp. and Mgmt. Asst. Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001).

Here, the two Defendants have moved to dismiss each claim against them. Thus, if the motion was granted in its entirety the entire case as to these two Defendants would be dismissed. Further, the discovery is not needed to aid in a response to the motion to dismiss because Plaintiff has already responded to the motion.[2] Thus, a stay of discovery may be appropriate if Defendants can show good cause by demonstrating an "immediate and clear possibility" that the allegedly dispositive motion will be granted. *Simpson*, 121 F.R.D. at 263. This necessarily requires the Court to take a "preliminary peek" at the motion to dismiss. *Id*. Without discussing the merits of each contention for dismissal of each claim of the amended complaint, the Court finds that Defendants

---

v. Elk Run Coal Co., Inc., 246 F.R.D. 522 (holding that automatic denial of a motion for failure to meet and confer is not proper remedy; rather, the appropriate sanction is denial of any motion for expenses). Defendants are cautioned, however, that it must be mindful of its requirements under the Federal Rules.

[2] Plaintiff contends that it needs answers to the interrogatories to support its opposition to the motion to dismiss. However, he has not explained how he will incorporate those into the response in opposition that has already been filed, nor are these interrogatories the subject of the instant dispute. Thus, the Court finds that he does not need the discovery to respond.

3

have not demonstrated an "immediate and clear" possibility that the motion will be granted on each and every claim. Both parties have substantiated their respective positions with case law. Thus, there is a clear dispute to the issues and the Court cannot find an immediate and clear possibility that the motion will be granted.

With regard to the employment relationship, specifically, it is not as clear a picture as Defendants paint it. As a preface, it is important to note that neither Consol Pa or CONSOL have moved to dismiss the amended complaint on the ground that they were not Plaintiff's employer. In their motion to dismiss the count alleging breach of contract, McElroy and CONSOL argue that they were not a party to that contract and that count should be dismissed as to them, but that is the only reference, as ancillary as it is, to the employment relationship in the motion to dismiss. As far as the Court can discern, this issue first arose in Defendants responses to discovery requests.

Appended to Plaintiff's amended complaint is an employment contract between himself and Consol Pa. Further, in the Equal Employment Opportunity Commission's (EEOC) determination that found reason to believe that violations had occurred regarding Plaintiff's charges, it found the Respondents to be "Consol Energy d/b/a Consol Pennsylvania Coal d/b/a McElroy Coal Company."[3] There is also a letter in response to this EEOC charge from counsel for Consol Pa, stating that the firm represents Consol Pa doing business as McElroy Coal. Finally, in their respective corporate disclosures, McElroy states that its parent corporation is Consolidation Coal Company, and Consol Pa states that its parent corporation is CONSOL Energy. Thus, there is certainly some relationship between the companies. Understandably, a plaintiff wants to reach into the deeper pockets of a parent corporation, and in certain instances he or she might very well be able to do so. *See e.g. Papa*

---

[3] The EEOC was unable to reach a settlement on behalf of Plaintiff, and declined to sue on his behalf, thereby issuing him a "right to sue" letter.

*v. Katy*, 166 F.3d 937 (7th Cir. 1999) (Posner, J.) (developing a three part test to determine whether a parent corporation can be liable in an employment discrimination action even though a subsidiary is the actual employer). However, a plaintiff cannot prove a parent corporation is liable without discovery. Thus, this Court believes that the employment relationship and liability issue is one better addressed after some discovery is had, and in a motion for summary judgment.

## *B. The Discovery Requests*

Plaintiff is moving to compel responses to five requests for production of documents from some or all of the Defendants. However, a common theme runs through all the requests: whether Plaintiff can discover information about other alleged incidents of discrimination, statistical employee information, and information regarding anti-discrimination policies of Defendants, even though this is a case of individual disparate treatment. Specifically, Request for Production 7 asks for any complaint or deposition taken in other cases where Defendants have been sued for allegations of discrimination or harassment on the basis of age or race. Request 10 seeks personnel compilations dating five years prior to Plaintiff's hire, which includes statistical information on gender, race, age, and national origin. Request 11 seeks the affirmative action policies of Defendants. Request 12 is similar to 10 in that it seeks statistical information, including any submitted to governmental agencies, that includes age, race, or color, even if other information is included. Finally, Request 17 seeks all documents pertaining to any investigations of harassment or discrimination on the basis of race or national origin.

Consol PA and CONSOL responded to each of these requests in identical fashion by stating the following:

> This Defendant did not employ Plaintiff. McElroy Coal employed
> Plaintiff. Accordingly, this request is not applicable. To the extent a

5

> response is deemed to be necessary, Defendant incorporates by reference, the responses and objections set forth in McElroy Coal's Responses to Plaintiff's Request for Production of Documents and Things–First Set as though fully set forth at length herein.

In turn, McElroy responded to each request in almost identical fashion with the following response:

> Defendant objects to this request as McElroy Coal is unable to respond to discovery requests directed to other defendants. Defendant further objects to this request as it is overly broad, unduly burdensome, and seeks documents irrelevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence.

This Court, and practically every other court in the country, has decried the practice of attorneys merely regurgitating the language in Rule 26, and have held that it is completely impermissible under the Federal Rules of Civil Procedure. *See Nesselrodte v. Underground Casino and Lounge*, 2012 WL 438168 (N.D.W.V. 2012) (collecting cases). Accordingly, Defendants are admonished for engaging in this practice. Nonetheless, even though these objections would otherwise be waived, the Court prefers to establish some guidance in this case.

Rather than discussing each discovery request individually, and to hopefully deter further motions to compel on this subject, the Court finds that it will be more prudent as a matter of judicial economy to set the scope of discovery in this action. First, by shedding light on the scope of discovery in general, then discussing how courts have dealt with the scope of discovery specifically in employment discrimination cases. Finally, the Court will outline what is relevant, and, therefore, discoverable in this action. The Court should hope that the parties are fully aware of the broad discovery allowed by the Federal Rules into any "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). Further, the "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

6

admissible evidence." *Id*.

In employment discrimination cases, courts have consistently held that discovery is even broader, and that "'the imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases,' because of the nature of the proofs required to demonstrate unlawful discrimination may often be indirect or circumstantial." *Miles v. Boeing Co.*, 154 F.R.D. 117, 119 (E.D. Pa. 1994)  (quoting *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J.1985)); *see also Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002) ("[P]laintiffs have been permitted a very broad scope of discovery, extending to documents and information pertaining to so-called workforce data, i.e., information regarding non-party employees in plaintiff's workplace."). Moreover, the several Courts of Appeals that have addressed the issue have held the same. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (10th Cir. 1995) ("[W]e frown upon unnecessary discovery limitations in Title VII, and hence ADEA, cases."); *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983) ("[W]e note that liberal discovery rules are applied in Title VII litigation. Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext, even in a case alleging an individual instance of discrimination rather than a "pattern and practice" of discrimination."); *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983) ("The imposition of unnecessary limitations on discovery is especially frowned upon in Title VII cases."). Thus, it is clear that broad discovery must be afforded to Plaintiffs alleging Title VII and ADEA claims. However, the evidence must still be relevant and not place an undue burden on the Defendants.

The United States Supreme Court has held that relevant evidence in Title VII cases may include the employer's "general policy and  practice with respect to minority employment," which

includes "statistics as to [employer's] employment policy and practice" to establish a "pattern of discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973). These statistics can be important for a Plaintiff to both establish a *prima facie* case of discrimination, which is the burden placed on a Plaintiff, *Mayor of Philadelphia v. Educ. Equality League*, 415 U.S. 605, 620 (1974), and to discredit the reasons given by an employer on a contested action. *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 579 (1978). Further, "evidence of general patterns of discriminatory treatment by an employer is relevant even in the individual disparate treatment case." *Zahorik v. Cornell Univ.*, 98 F.R.D. 27, 31 (N.D.N.Y. 1983) (citing *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980)).

Defendants have cited several cases for their proposition that statistical evidence is irrelevant in the individual discrimination case. The Court is not persuaded by these authorities for the proposition asserted that the information is not discoverable. First, it must be noted that these cases dealt with evidentiary rulings; *i.e.* whether the information is probative or sufficient to support a verdict standing alone. This Court is *not* making evidentiary rulings at this time. Rather, it is overseeing discovery to make sure that each party may obtain, as the purpose of the Federal Rules states, " just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1. This is done by giving the discovery rules the broad treatment that was intended, and outlined thus far in this Order. Further, one of the cases cited by Defendants recognizes what this Court has set out thus far: that "there is no doubt that statistics can be relevant and important in an individual case." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1131 (11th Cir. 1984).

With this broad discovery standard in mind, the Court must nonetheless strike a balance between the need for relevant information and the burden imposed on the Defendants. The Court

will first note what it determines to be relevant. Plaintiff's complaint alleges discrimination based upon age and race. Thus, only information sought relating to age and race is discoverable. Accordingly, Defendants may ignore any requests seeking information regarding gender, or anything other than age or race/color. Second, to avoid unnecessary burden on the Defendants, the Court will place a temporal limit on the information sought. The Court finds that information for the five years preceding Plaintiff's hire is a reasonable limit for all information sought. Finally, because CONSOL is such a large corporation, the Court finds some geographical limitation is in order for the discovery sought. Thus, only discovery related to West Virginia and Pennsylvania will be discoverable in this action. This scope of discovery–that Plaintiff may discover information regarding any prior complaints, actions, or investigations of harassment or discrimination based upon race or age, and statistical personnel information regarding race or age, for the five years preceding Plaintiff's hire, and only from West Virginia and Pennsylvania–clears up all requests for production with the exception of the Defendants' affirmative action policies. Accordingly, the Defendants are hereby **ORDERED** to disclose this information within thirty (30) days of the date of this Order.

The law as it exists around the country has been far from clear on whether an employer's affirmative action policies are discoverable. *See Zahorik*, 98 F.R.D. at 32 (discussing the split in authority on this subject). Some courts have found the plans to be irrelevant in their entirety, some courts have found them to be completely relevant, and others have found that only parts of the policy are relevant. *Id*. After reviewing the authority on this subject, it is this Court's determination that the plans are relevant and discoverable, but that there should be a protective order in place to protect any information the Defendants claim is confidential. Accordingly, the Defendants are hereby **ORDERED** to submit a proposed protective order, within thirty days (30) of the date of this Order

which outlines any material it deems confidential or otherwise protected.[4]

Plaintiff has also moved this Court in his motion to compel for an award of reasonable expenses associated with these motions. Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted in part and denied in part, then the court may award reasonable expenses. The Court will entertain Plaintiff's motion for reasonable expenses, and he must submit an affidavit within thirty (30) days of the date of this Order as to those expenses. The Court will then give the Defendants an opportunity to be heard as to why reasonable expenses should not be awarded.

### *III. CONCLUSION*

For the reasons set forth, the Court **DENIES** Defendants' motion for a protective order (Doc. 86), and **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel (Doc. 88). Defendants have thirty (30) days to comply with this Order. Further, Plaintiff shall submit an affidavit for reasonable expenses within thirty (30) days of this Order, and Defendants will be given an opportunity to be heard as to why reasonable expenses should not be granted on Wednesday, June 5, 2013, at 1:30 p.m.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

---

[4] McElroy has already disclosed its affirmative action policy.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: April 25, 2013             /s/ *James E. Seibert*
　　　　　　　　　　　　　　　　　　JAMES E. SEIBERT
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE