IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                        Civil Action No. 5:12CV92
                                                        (STAMP)

CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
McELROY COAL COMPANY and
CONSOL ENERGY, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**OVERRULING DEFENDANTS' OBJECTIONS TO**
**THE MAGISTRATE JUDGE'S ORDER AND**
**DENYING DEFENDANTS' MOTION TO**
**STAY THE ORDER AS MOOT**

I.    Background

On June 21, 2012, the plaintiff, Tony B. Clay, filed a complaint against the defendants, Consol Pennsylvania Coal Company, LLC, McElroy Coal Company, and CONSOL Energy, Inc. The plaintiff's complaint contains six separate counts. In his complaint, the plaintiff specifically alleges a hostile work environment claim, a race discrimination claim, an age discrimination claim, a wrongful termination claim, a retaliation claim, and an intentional or reckless infliction of emotional distress claim. As relief, the plaintiff seeks compensatory damages, punitive damages, and attorneys' fees.

This matter was referred to United States Magistrate Judge James E. Seibert who was designated and authorized to consider the

record and do all things proper to decide any nondispositve pre-trial motions filed in this case, excluding motions in limine. Thereafter, discovery disputes arose and the parties filed various motions in relation to said disputes. The two motions currently at issue are plaintiff's motion to enter onto the defendants' property and defendants' motion for a protective order, which sought to prevent such entry. The magistrate judge conducted a haring on these motions.

The magistrate judge granted the plaintiff's motion to enter on to the defendants' land insomuch as it sought inspection of the motorbarn, the locker rooms, and the physical offices of the two management level employees. As such, the magistrate judge denied the defendants' motion for a protective order. The magistrate judge's order also instructed the parties that they may file written objections to his order within fourteen days after being served with a copy of the order. The defendants did file timely objections to the magistrate judge's order. The plaintiff thereafter, filed a response to the defendants' objections. For the reasons set forth below, however, this Court affirms the order of the magistrate judge and overrules the defendants' objections. Further, this Court denies the defendants' motion to stay the magistrate judge's order as moot.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. Discussion

The defendants object to the magistrate judge's order because they feel the order improperly forces the defendants to make certain areas available for the plaintiff's inspection without requiring that plaintiff and those accompanying the plaintiff execute a release and waiver of liability (the "release"). The defendants request that this Court decline to adopt the magistrate judge's order insomuch as it denies the defendants' motion for a protective order in its entirety, and instead grant the defendants' motion for a protective order to the extent that it seeks to require the plaintiff and those accompanying him on the inspection

3

to execute a release prior to entrance into the McElroy Mine or upon property controlled by McElroy Coal. The requested form of release and its related documents is attached to the defendants' objections as Exhibit B.

In support of the defendants' objections, they argue that it is corporate policy to have every non-employee sign a release who enters the McElroy Mine or property controlled by McElroy Coal. The defendants state that the release, while releasing the defendants for liability for personal injury, explains to the those signing it that they may face certain hazards and must take certain safety precautions. The defendants contend that while the magistrate judge recognized these dangers, he failed to require within the order a "simple fix" presented by the defendants that addresses both liability for personal injury and the risks and dangers associated with entering the mine. Therefore, the defendants state that the order is clearly erroneous.

The plaintiff responds by stating that there was no testimony or argument at the hearing on the motions concerning the signing of any release. Further, the plaintiff states that the only mention of any release in the briefs on the motion was contained in one sentence, which was a footnote included in the defendants' motion for protective order. This sentence states: "If CONSOL is ordered to permit Plaintiff to inspect the underground McElroy Mine, CONSOL must require that Plaintiff and each member of his entourage

4

execute releases and waivers of all claims for injury to person or property which might result during any inspection." ECF No. 91 *6 n.2.  The plaintiff argues that as such, the defendants seek "too much too late."

This Court agrees with the plaintiff and finds that the magistrate judge's order was not clearly erroneous.  This Court cannot find any mention of any requested release in the transcript of the hearing held before the magistrate judge concerning the motion for protective order and motion to enter on defendants' land.  Further, as the plaintiff notes, the only mention contained in the briefing of these two motions concerning any such release is found in a footnote, which does not even request that the Court require the plaintiff to sign a release.  Instead, the footnote makes the broad statement that the defendants "must require" the plaintiff and others to sign the release.  This Court does not believe that such a statement properly raised the issue of whether the Court should or should not require the plaintiff to sign any type of release.  Certainly, the specific contents of defendants' requested release is never mentioned in either its motion or at the hearing.  As such, this Court does not have a "definite and firm conviction that a mistake has been committed."  Therefore, it does not find that the magistrate judge's order was clearly erroneous, as the magistrate judge cannot be expected to rule on issues not

5

put before him, especially since he conducted a hearing at which all aspects of the motions could have been raised and addressed.

The defendants' motion to stay this action requested that this action be stayed pending this Court's decision on the defendants' objections. As this Court has now addressed and overruled the defendants' objections, the defendants' motion to stay is denied as moot.

IV. <u>Conclusion</u>

For the reasons stated above, this Court OVERRULES the defendants' objections (ECF No. 133) and AFFIRMS the magistrate judge's order granting in part and denying in part plaintiff's motion to enter onto land, and denying defendants' motion for a protective order (ECF No. 113). Further, this Court DENIES AS MOOT the defendants' motion to stay (ECF No. 134).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: May 15, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE