IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

      Plaintiff,

v.                                      Civil Action No. 5:12-cv-92

CONSOL PENNSYLVANIA COAL
CO., LLC, MCELROY COAL CO., &
CONSOL ENERGY INC.,

      Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR REASONABLE EXPENSES

### I. INTRODUCTION

This is the second time the Court has had to visit the issue of reasonable expenses assessed against Defendants for failing to comply with the Federal Rules of Civil Procedure. The first time the Court visited the issue, Defendants, on the eve of the hearing on a motion to compel, submitted the discovery at issue. The Court awarded Plaintiff reasonable expenses, including attorneys' fees, associated with the prosecution of that motion because compliance came only after Plaintiff sought court intervention. At the heart of the instant dispute are several motions: Plaintiff filed a motion to compel inspection of Defendants' coal mine, as well as a motion to compel discovery. Days before Plaintiff filed the motions to compel, Defendants filed motions for protective orders. After holding an evidentiary hearing and listening to argument on the motions, the Court granted in part and denied in part both motions to compel, and denied the motions for protective orders in their entirety. The Court also ordered Plaintiff to submit an affidavit for reasonable expenses, which he did. Defendants were given an opportunity to be heard on June 5, 2013, where Plaintiff appeared by

Patrick S. Casey, Esquire, and Sandra M. Chapman, Esquire. Defendants were present by Richard J. Cromer, Esquire and David E. Renner, Esquire.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." However, the Court will not award payment if the movant did not engage in good faith negotiations to resolve the dispute, if the nondisclosure was substantially justified, or if other circumstance make an award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). There is substantial evidence in the record to show the good faith efforts to resolve the dispute without court intervention. Thus, the Court must determine whether Defendants' failure to respond to the discovery requests were substantially justified, and if it was not, whether other circumstances make an award unjust. Plaintiff has submitted an affidavit of expenses associated with each motion to compel and the Court's orders granting each motion in part, so the Court will discuss Defendants' position in that fashion.

### A. The Motion to Compel Discovery

Plaintiff filed a motion to compel Defendants to produce documents responsive to several requests under Rule 34. As noted by Defendants, a position regarding discovery requests is substantially justified if "a reasonable person could think it is correct, that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. Appx. 586, 599 (4th Cir. 2009) (unpublished) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 n.2 (1988)). The Court finds that Defendants lacked a reasonable basis in law and fact for their responses and objections, or lack thereof; thus, the responses and objections were not substantially justified. In

response to every discovery request at issue, Consol Pennsylvania Coal Company (Consol PA) and CONSOL Energy (CONSOL) stated that they were not Plaintiff's employer, thus discovery was inappropriate. On this same ground, these two Defendants sought a protective order to stay discovery pending a ruling from the District Court on their motion to dismiss. However, as the Court discussed in its Order granting in part Plaintiff's motion to compel discovery responses, this objection was not well taken because, among other things, Consol PA and CONSOL did not even move to dismiss the complaint on an employment relationship basis.[1] Consol PA's and Consol's responses further provided that "to the extent a response is deemed to be necessary, Defendant incorporates by reference, the responses and objections set forth in McElroy Coal's Responses." But, as the Court will explain, McElroy's responses were, like Consol PA's and Consol's, wholly inappropriate and not substantially justified.

Under Federal Rule of Civil Procedure 26(g), attorneys are required to sign discovery responses and objections, which is their certification that, to the best of their knowledge, information, and belief formed after a *reasonable inquiry*, the responses or objections are:

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in

---

[1] As discussed more fully in the Court's Order, McElroy and CONSOL moved to dismiss only one ground—breach of contract—based on an employment relationship; thus, even if this one ground were granted all others would have stood. Further, after this Court issued its Orders on the motions, the District Court sent the parties a letter acknowledging its tentative ruling on the motion to dismiss, allowing several causes of action to proceed, adding some prescient value to this Court's Order requiring discovery to proceed.

the action.

FED. R. CIV. P. 26(g)(1)(B) (emphasis added). Making generalized objections, or failing to specify the grounds and bases for the objections necessarily leads to one of three conclusions: either Defendants did not make a reasonable inquiry as required and just copy and pasted the language from Rule 26 as their objections; they "lacked a factual basis to make the objections that they did, which would violate Rule 26(g)[;] or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008). As such, generalized objections have met much resistance from the benches across the district courts in the Fourth Circuit. For a very small sample, *see Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238 (E.D.N.C. 2010) (mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W.V. 2010) ("General objections to discovery, without more, do not satisfy the burden of the responding party under the Federal Rules of Civil Procedure to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Prep. Co.*, LLC, 259 F.R.D. 118, 132 (S.D.W.V. 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia*, *supra* (disapproving of a general objection asserted "to the extent" that it applies); *Frontier–Kemper Const., Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 530–31 (S.D.W.V. 2007) (finding that boilerplate objections to defendant's requests for production of documents, which indicated simply that requests were overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, did not comply with the

4

rule, which required specific objections).

McElroy's responses, and Consol PA's and CONSOL's through their incorporation of McElroy's responses into their own, were the epitome of what the Federal Rules prohibit. The most egregious violations of the Federal Rules of Civil Procedure can be seen through Defendants' response to Request for Production 7, which, verbatim, states:

> Defendant objects to this request as McElroy Coal is unable to respond to discovery requests directed to other defendants. Defendant further objects to this request as it is overly broad, unduly burdensome, and seeks documents irrelevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence.

This regurgitation of Rule 26 flies in the face of the specificity required by the Rules, and does nothing to put either the party requesting the discovery, or the courts, on notice of the basis for the objection. Accordingly, these generalized objections were not substantially justified to warrant a retreat from an award of reasonable expenses. Further, as explained in the Court's Order granting in part the motion to compel, the law overwhelmingly supports broad discovery in Title VIII cases—even more so than the liberal discovery afforded in typical civil litigation—including allegations made by other employees in the past. Thus, any objection based upon the premise that information was not relevant because the instant case is one of individual discrimination was not substantially justified.

Finally, an award of expenses is not otherwise unjust. The Fourth Circuit has developed a four-part test for district courts to use when determining what sanctions to impose under Federal Rule of Civil Procedure 37. Specifically, "[t]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic

sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ*, 269 F.3d 305, 348 (4th Cir. 2001). There is no concrete evidence that Defendants acted in bad faith. However, the failure to disclose *any* discovery has pushed Plaintiff to the brink of the discovery deadline; the parties have already stipulated on an extension for motions to compel. Moreover, Defendants recently discovered 150 gigabytes of documents that might be responsive to Plaintiff's requests, which is certainly going to prolong an otherwise speedy resolution of Plaintiff's claims, and only to his detriment.

Third, and, aside from the prejudice on Plaintiff, most importantly, the Court finds that an award will serve as a deterrent for this particular sort of non-compliance. In particular, the failure to lodge specific objections to discovery requests. Time and time again the Court is faced with the same scenario: a party seeks reasonable discovery that is wholly contemplated by the Federal Rules of Civil Procedure, and the opposing party, in rote form, sends back responses that lack any substance. These generic objections do nothing but frustrate the purpose of discovery and prolong litigation. And, although an award of reasonable expenses is less than a thread out of Defendants' pockets, the Court finds that it is the only effective sanction.

### B. The Motion to Compel Coal Mine Inspection

In this motion, Plaintiff sought to photograph and videotape several areas at Defendants' coal mine where he alleged that either harassment occurred, or areas where he was alleged to have been sleeping on the job, which is the reason given by Defendants for his firing. According to Plaintiff, Defendants initially lodged a wholesale objection to any inspection on any part of the premises. However, in a footnote in their motion for a protective order, Defendants declared that they did not object to inspection of certain areas above ground, but contended that the dangers and disruption

posed by the inspection warranted a protective order. Thus, the only remaining issues faced by the Court were (1) whether Plaintiff was entitled to go underground into the coal mine and take photos and video, and (2) whether he could take photos and video of the managerial offices.

The Court did limit the scope of the underground inspection due to a lack of specificity in the request, but granted the motion to compel the underground inspection of the motorbarn where Plaintiff was alleged to have been sleeping—the crux of Defendants' defense is that Plaintiff was fired for sleeping in the motorbarn. Certainly this is relevant under Rule 26. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim *or defense* . . .") (emphasis added). Moreover, Plaintiff claims that he was harassed in the offices where he sought inspection, and did not request to go rummaging around drawers and paperwork. Rather, he just wanted to photograph and video where the alleged incidents took place, purportedly to corroborate details of the allegations.

As discussed, in order to be substantially justified in taking the position they did, Defendants would have to show a reasonable basis in law and fact for that position. Again, Defendants lack this reasonable basis. Defendants made much ado about the dangers presented in a coal mine. The Court is well aware that coal mines can be a dangerous place, and if the sole inquiry rested on the dangers presented by an inspection Defendants would be substantially justified in refusing the request. But that is not the end of the inquiry. Any dangers must be balanced against the relevance and need for the inspection. *See Belcher v. Bassett Furniture Indust., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). As discussed more fully in the Order granting the motion to compel, courts around the country have consistently allowed inspection of dangerous work environs when the information sought meets the standard of relevance under Rule 26; specifically, many of those cases saw the relevance of alleged

locations of discrimination in Title VIII cases just as those alleged in the instant action.

An award of expenses is also not otherwise unjust. In considering the four factors outlined above, there is again no concrete evidence of bad faith. However, the day before the inspection was set to occur, Defendants notified Plaintiff that the one area underground where he was permitted to go—the motorbarn—had been destroyed by the long wall mining process. As a result, Plaintiff will not be able to show a jury, if the case reaches that stage, where Defendants allege he was sleeping. Again, the Court will note the need for a deterrent of this particular conduct. Specifically, Plaintiff avers that Defendants would not allow any inspection to take place until Court intervention was contemplated, and Rule 34 explicitly requires that if a party only objects to a portion of a request then it must permit the rest. FED. R. CIV. P. 34(b)(2)(C). Finally, the Court finds that only a monetary sanction is appropriate.

## C. The Reasonableness of Expenses

Plaintiff has submitted two affidavits. First, he seeks reasonable expenses, including attorney fees, totaling $9,920.00 for work on the motion to compel the mine inspection, and in opposing the motion for a protective order. Second, he seeks $14,341.00 for work on the motion to compel discovery, and in opposing the motion for a protective order or stay. He has submitted itemized affidavits, with forty total hours expended on the first set of motions and sixty-six expended on the second set. The rates per hour for the three attorneys working on the case range from $210 per hour to $250 per hour.

Courts throughout the Fourth Circuit use a lodestar analysis to determine fee awards, an analysis which involves multiplying a reasonable hourly rate by reasonable hours expended. *See e.g. Kelly v. FedEx Ground Pkg. Sys., Inc.*, 2011 WL 2582517 (S.D.W.V. June 29, 2011); *EEOC v.*

*Bardon, Inc.*, 2010 WL 989051 (D. Md. Mar. 12, 2010); *Grayson Consulting, Inc. v. Cathcart*, 2013 WL 436217 (D.S.C. Feb. 5, 2013) (slip copy). The factors included in determining the reasonableness of the rates and hours are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work: (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).[2] Defendants have not raised issue with the hourly rate submitted by Defendants. Thus, many of the factors outlined above are not subject to the equation.

First, Rule 37 only provides for the recovery of expenses associated with making the motion to compel. *See* FED. R. CIV. P. 37(a)(5). Thus, any expenses associated with opposition to Defendants' motions for protective orders must be excluded. Second, this Court has consistently reiterated that discovery is not rocket science, and, although Plaintiff's three lawyer team may certainly have spent the 106 hours claimed, the Court finds that this is an unreasonable amount of time to spend on two motions to compel discovery. Thus, the Court will halve the submitted hours to fifty three, and multiply it by an average submitted hourly rate of $230.00. Defendants shall pay, within thirty (30) days of the date of this Order, twelve thousand one hundred ninety dollars

---

2 Although the Fourth Circuit developed this test in the realm of post-trial attorneys' fee awards, the district courts have consistently applied it in the context of an award of reasonable expenses under Federal Rule of Civil Procedure 37(a)(5).

($12,190) to counsel for Plaintiff.

### III. CONCLUSION

In short, Defendants again failed to do what the Federal Rules require. Accordingly, the Court finds that an award of reasonable expenses is appropriate and **GRANTS** Plaintiff's motions for reasonable expenses, which Plaintiff moved for within his motions to compel (Docs. 88 & 93). Defendants shall pay, within thirty (30) days of the date of this Order, twelve thousand one hundred ninety dollars ($12,190) to counsel for Plaintiff. No further sanctions will be imposed.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: June 12, 2013                    /s/ *James E. Seibert*
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE