IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                              Civil Action No. 5:12CV92
                                                                                     (STAMP)
CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>CONFIRMING THE PRONOUNCED ORDER OF THIS</u>**
**<u>COURT ON JULY 17, 2013 AFFIRMING BUT MODIFYING</u>**
**<u>THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART</u>**
**<u>DEFENDANTS' MOTION FOR PROTECTIVE ORDER</u>**
**<u>AND OVERRULING DEFENDANTS' OBJECTIONS</u>**

I.  <u>Background</u>

The above-styled civil action involves claims of racial discrimination and retaliation under Title VII, a claim for breach of the plaintiff's employment agreement, and a claim for violation of West Virginia's Wage Payment and Collection Act. Numerous discovery motions have been filed in this case. Included in these motions was defendants' motion for a protective order (ECF No. 226). In this motion, the defendant sought to limit or quash certain topics of plaintiff's Rule 30(b)(6) notices of the video

deposition of McElroy Coal Company ("McElroy") and CONSOL Energy, Inc. ("CONSOL"). The topics relevant to this order are Topics Six and Sixteen.

Topic Six asked for all policies, procedures, protocols, systems, or programs regarding state and federal anti-discrimination laws. CONSOL objected to this topic because the permissible scope of discovery set by the Court in this case included age and race. CONSOL further objected that because the tentative letter ruling on the motion to dismiss granted the dismissal of plaintiff's age discrimination claims, the topic should be further limited to only those policies, procedures, protocols, systems, or programs regarding state and federal anti-race discrimination laws. The magistrate judge agreed that Topic Six should be limited. Without the benefit of a final written memorandum opinion and order by the district court on the motion to dismiss, however, the magistrate judge found that CONSOL still must produce a witness to answer questions about policies, procedures, protocols, systems, or programs regarding both age and race state and federal anti-discrimination laws.

Topic Sixteen sought testimony about litigation or claims against the defendants that have involved allegations of harassment or discrimination based on race or age. CONSOL again objected to this topic reiterating its argument that the tentative letter ruling dismissed the age causes of action. Again, the magistrate

judge found that without the benefit of the district court's written memorandum opinion and order on the motion to dismiss, CONSOL still must produce a witness to testify to litigation or claims regarding both race and age.

After this Court's written memorandum opinion and order on the motion to dismiss was entered, the defendants then filed objections to the magistrate judge's order.  For the reasons stated below, this Court affirms but modifies the magistrate judge's order and overrules the defendants' objections.

## II.  Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused.  Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III.  Discussion

The defendants object to the magistrate judge's finding, arguing that based on the district court's tentative letter ruling the magistrate judge's finding was clearly erroneous as the tentative letter ruling made clear that the plaintiff's age discrimination claims would be dismissed.  If this Court does not find that the magistrate judge's findings at the time were clearly erroneous, the defendants request that the magistrate judge's order still be modified as it relates to Topics Six and Sixteen, in light of the written order on the motion to dismiss, which was entered following the magistrate judge's order.

At the time of the magistrate judge's order, this Court finds that the magistrate judge's findings concerning whether or not defendants must produce witnesses to testify as to those topics concerning age discrimination were not clearly erroneous.  The defendants' reliance on the tentative letter ruling was misplaced, as the letter specifically states that it "should not be construed as an order or a memorandum of opinion for any purpose."  ECF No. 126.  Instead, it was meant to assist the parties in their ongoing discovery.  See id.  As such, this Court does not have a definite and firm conviction that a mistake has been committed.  Although the written memorandum of opinion on the motion to dismiss did not vary in any way from the tentative letter ruling, there is a possibility that it could have.  Therefore, the magistrate judge was correct in his finding that without a written order he must

4

find that the defendants were required to produce a witness to testify as to those topics that concerned age discrimination.

This Court, however, does agree that now that the written order has been entered as to the motion to dismiss, the magistrate judge's order should be modified, as it was this Court's final order that the age discrimination claims be dismissed. Therefore, any such discovery regarding age discrimination is no longer relevant to this action. As to Topic Six, this Court modifies the magistrate judge's order, and finds that the defendants are not required to produce a witness to testify as to policies, procedures, protocols, systems, or programs regarding state and federal anti-age discrimination laws. As to Topic Sixteen, this Court modifies the magistrate judge's order, and finds that the defendants are not required to produce a witness to testify as to litigation or claims against the defendants that have involved allegations of harassment or discrimination based on age.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's order granting in part the defendants' motion for protective order (ECF No. 236) is AFFIRMED BUT MODIFIED and the defendants' objections (ECF No. 269) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      July 18, 2013


                                     /s/ Frederick P. Stamp, Jr.
                                     FREDERICK P. STAMP, JR.
                                     UNITED STATES DISTRICT JUDGE