IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                           Civil Action No. 5:12CV92
                                                          (STAMP)

CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THIS COURT
AFFIRMING MAGISTRATE JUDGE'S ORDER
GRANTING IN PART PLAINTIFF'S REASONABLE EXPENSES
BUT REMANDING TO THE MAGISTRATE JUDGE FOR
FURTHER CONSIDERATION AND POSSIBLE RECALCULATION
OF THE FEES AND EXPENSES TO BE AWARDED**

I.    Background

The above-styled civil action involves claims of racial discrimination and retaliation under Title VII, a claim for breach of the plaintiff's employment agreement, and a claim for violation of West Virginia's Wage Payment and Collection Act. Numerous discovery motions have been filed in this case. The discovery motions at issue for purposes of this order are two motions to compel filed by the plaintiff and two motions for protective orders pertaining to those motions to compel filed by the defendants. The

motions to compel sought to compel the inspection of the defendants' coal mine and to compel certain discovery. The magistrate judge granted in part and denied in part both of the motions to compel and denied the defendants' motions for protective orders in their entirety.

Within the motions to compel, the plaintiff requested reasonable expenses and attorneys' fees associated with the prosecution of the motions. After the magistrate judge entered his order on the motions to compel, he ordered the plaintiff to submit an affidavit concerning those expenses. The plaintiff then submitted such affidavits and also included in those affidavits expenses incurred as a result of defending the related protective orders. The magistrate judge then held a hearing on that affidavit. After the hearing, the magistrate judge entered an order wherein he determined that the plaintiff was entitled to reasonable expenses and attorneys' fees in relation to his prosecution of the motions to compel, but found that he was not entitled to expenses incurred in defending the related protective orders.[1] Further, the magistrate judge did not award the entirety

---

[1] In the plaintiff's response to the defendants' objections to the magistrate judge's order granting in part plaintiff's request for reasonable expenses, the plaintiff indicates that based on the Federal Rules of Civil Procedure, he was entitled to an award of fees for defending the motions for protective orders. The plaintiff asks this Court to take such error into account when ruling on the defendants objections. This Court, however, cannot take such error into account when making its ruling because as the plaintiff notes, he failed to timely object to the magistrate

of the expenses and attorneys' fees requested by the plaintiff, as he found that the amount of time spent by the attorneys on the two motions was an unreasonable amount of time. Therefore, instead of awarding the plaintiff 106 hours of attorneys fees, the magistrate judge awarded the plaintiff 53 hours of attorneys' fees and multiplied that number by the average hourly rate of the attorneys who worked on the case. In total, the magistrate judge awarded the plaintiff $12,190.00. The magistrate judge ordered the defendants to pay that amount to the plaintiff within 30 days from the date of his order.

The magistrate judge informed the parties that they may object to his order within 14 days from the date of the order. The defendants thereafter did file timely objections to the magistrate judge's order, which the plaintiff then responded to. The defendants also filed a motion to stay the magistrate judge's order pending this Court's review of the defendants' objections. This Court granted the motion to stay. For the reasons set forth below and announced during a hearing held July 17, 2013, this Court affirms the magistrate judge's order but remands this matter to the magistrate judge to make a more particularized finding on the expenses and attorneys' fees awarded.

---

judge's findings.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. Discussion

A. Motion to compel discovery

As the magistrate judge indicated, under Federal Rule of Civil Procedure 379a)(5), if a motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." If the "nondisclosure, response, or objection was substantially justified[,]" however, the Court cannot award such payment. Fed. R. Civ. P. 37(a)(5)(A). The magistrate judge found that the responses and objections provided by the defendants concerning the plaintiff's request for documents were not substantially justified,

4

as they lacked a basis in law and fact for their responses and objections.

The defendants object to this finding. Specifically, the defendants argue that their motion for a protective order was substantially justified on the basis of their motion to dismiss, and the reasonableness of responses of defendants CONSOL Energy, Inc. ("CONSOL") and Consol Pennsylvania Coal Company, LLC ("Consol PA") to the written discovery are entirely irrelevant. They argue that the question that the magistrate judge should have asked was whether defendants CONSOL and Consol PA were substantially justified in believing that the Court would fully grant defendants' motion to dismiss, such that all counts would be dismissed against CONSOL and Consol PA. If so, then the defendants argue that their withholding the discovery that was a part of the motion to compel until the motion to dismiss was resolved was substantially justified, and plaintiff's counsel should not recover costs incurred in bringing that motion to compel.

This Court does not find merit in the defendants' objection. The magistrate judge clearly stated in his order that he was not awarding fees or expenses to the plaintiff for the defense of defendants' motion for protective order. Instead, he was only awarding fees and expenses based on the plaintiff's prosecution of their motions to compel. Therefore, whether or not the defendants were substantially justified in bringing their motions for a

protective order is not what is relevant to the magistrate judge's finding.

The defendants opposed the discovery requests, which requests were the basis for the plaintiff's motion to compel, based on their written responses. The objections provided by the defendants to the requests for production were very generalized objections. As the magistrate judge indicated, and this Court will reiterate, such general objections are impermissible in this jurisdiction. Hager v. Graham, 267 F.R.D. 486, 492 (N.D. W. Va. 2010) (citing Fisher v. Baltimore Life Ins. Co., 235 617, 622 (N.D. W. Va. 2006)). Based on the fact that the defendants opposed the plaintiff's discovery requests with generalized objections, this Court agrees with the magistrate judge and finds that his decision was not clearly erroneous. The defendants were not substantially justified in failing to respond to the plaintiff's discovery requests, which thereafter caused the plaintiff to file the motion to compel in question. Therefore, the imposition of sanctions based on the defendants' failure to respond to the discovery request was appropriate.

B. Motion to compel mine inspection

The magistrate next found that the defendants were not substantially justified in opposing the plaintiff's inspection of the mine. Specifically, the magistrate judge indicated that while there may be dangers in such an inspection, courts around the

6

country have consistently allowed inspection of dangerous work environs when the information sought meets the relevance standard under Federal Rule of Civil Procedure 26. The magistrate judge found that merely objecting based on the dangers of such inspection was improper, as the dangers must be balanced against the relevance and need for inspections. See Belcher v. Bassett Furniture Indust., Inc., 588 F.2d 904, 908 (4th Cir. 1978).

The magistrate judge then stated that an award of expenses for the defendants' failure to allow the mine inspection, based on the defendants' actions was not unjust. This finding was based on the four-part test developed by the United States Court of Appeals for the Fourth Circuit for district courts to use when determining what sanctions to impose under Federal Rule of Civil Procedure 37. Under this test, "[t]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Foundation for Advancement, Educ. and Employment of American Indians, 155 F.3d 500, 504 (4th Cir. 1998) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-505 (4th Cir. 1977)). The magistrate judge specifically found that there was no evidence of bad faith. However, the magistrate judge did indicate that the defendants notified the plaintiff the day before inspection that

7

the motorbarn had been destroyed by the longwall mining process and as a result, the plaintiff can no longer show a jury where he was allegedly sleeping. The magistrate judge then noted that there was a need for a deterrent for the defendants' conduct, as Federal Rule of Civil Procedure 34 requires that if a party only objects to a portion of a discovery request, then it must permit the rest. The defendants had indicated in their motion for a protective order regarding the inspection that they did not object to the inspection of certain above ground area. However, the plaintiff stated that when they objected to the inspection, which forced the plaintiff to file a motion to compel, the defendants objected to the entirety of the inspection.

The defendants first object to the factual finding concerning the plaintiff being unable to inspect the motorbarn where he was allegedly sleeping. The defendants assert that the finding is incorrect as the motorbarn still existed, however, certain items including buses, benches and cabinets had been moved to the new motorbarn. Therefore, the defendants argue that the plaintiff was able to inspect the place where he was allegedly sleeping and he will still be able to present such evidence to the jury. As such, the defendants state that the plaintiff was not prejudiced by the defendants' conduct and the magistrate judge's finding of such prejudice was clearly erroneous. Thus, the defendants argue that

this Court should deny plaintiff's costs related to the motion to compel inspection.

This Court disagrees and finds that assuming without deciding that this factual finding was incorrect, it still does not justify a finding that the magistrate judge was clearly erroneous in his award of sanctions. As indicated above, the magistrate judge first found that the defendants were not substantially justified in objecting to the plaintiff's motion to compel inspection. In determining whether the monetary sanctions imposed on the defendants for this unjustified conduct were appropriate, the magistrate judge indicated that some prejudice did exist because the motorbarn no longer existed. This does not negate the need for a deterrent for the defendants' conduct, nor does it negate other possible prejudice to the plaintiff, such as the delay that resulted from the objection to the inspection. Therefore, this Court cannot find that the magistrate judge's award of sanctions for the defendants' objection to the request for an inspection was clearly erroneous based on his finding concerning the resulting prejudice to the plaintiff.

The defendants next object to the magistrate judge's finding concerning whether or not the defendants were substantially justified in objecting to the plaintiff's request to inspect the mine. Specifically, the defendants take issue with the magistrate judge's finding that the defendants were not substantially

9

justified in objecting to the inspection based on the dangers presented by the inspection. The defendants argue that those cases cited by the magistrate judge, where courts have allowed inspection of other dangerous work environs such as paper mills, plastic plants, glass plants, and fiberglass plants, are not applicable to this situation, as one does not hear of mass casualties occurring at such locations. Whereas, it is much more common to hear of such casualties occurring in coal mines.

While such a proposition may be true, this Court still does not find that the magistrate judge was clearly erroneous in his finding concerning whether or not the defendants were substantially justified in their complete denial of the plaintiff's request for inspection. As the magistrate judge stated, the dangers must be balanced against the relevance and need for inspection. Based on those cases cited by the magistrate judge indicating other situations where a plaintiff was allowed to inspect dangerous locations in conjunction with his or her work related discrimination claims, this Court does not have a definite and firm conviction that a mistake has been committed and, therefore, this Court must overrule the defendants' objection.

C. <u>Expenses awarded</u>

After finding that the defendants were not substantially justified in opposing either of the plaintiff's discovery requests, and also finding that monetary sanctions were appropriate in each

case, the magistrate judge then went on to determine the reasonable expenses owed to the plaintiff. In making his finding, the magistrate judge explained that a lodestar analysis is used to determine fee awards in the Fourth Circuit, but because the defendants did not raise an issue with the hourly rates submitted by the plaintiff, many of the factors of the lodestar analysis were not relevant. The magistrate judge then determined that the total hours submitted by the plaintiff for work on the motions to compel, which was 106 hours, was also an unreasonable amount of time to spend on these discovery disputes. Due to 106 hours being unreasonable, and also because that time included time spent opposing the defendants' motions for protective orders, the magistrate judge halved the submitted hours. The magistrate judge then divided the halved amount, which was 53 hours by the average submitted hourly rate of $230.00. Thus, he found that the reasonable amount of expenses to be awarded to the plaintiff was $12,190.00.

The defendants first object to the magistrate judge's finding of reasonable expenses by arguing that the magistrate judge did not discuss the most important factor in awarding expenses to the plaintiff, which they assert is the degree of the plaintiff's success on the motion to compel. The defendants argue that the plaintiff did not substantially prevail on his motion to compel

inspection of the mine, and this factor should have been taken into account in determining the expenses awarded to the plaintiff.

While this Court was not provided with any case law and is unable to locate any case law supporting the defendants' proposition that this is the most important factor in awarding expenses, this Court does recognize that it is a factor that a court must consider when awarding expenses in the Fourth Circuit. According to the Fourth Circuit, after a court determines the lodestar figure, the "court should subtract fees for hours spent on unsuccessful claims unrelated to the successful ones." Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)); Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2002); and Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 244 (4th Cir. 2009). Further, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id. (emphasis added). Thus, while the magistrate judge did indicate that he was not awarding fees based on the defense of the motions for protective orders, the magistrate judge did not further evaluate the award based on the degree of success had by the plaintiff on the motions to compel. Therefore, this Court is remanding this issue to the magistrate judge for further consideration and possible recalculation if necessary.

The defendants further object to the magistrate judge's award, as they argue that the magistrate judge's use of the average hourly rate is clearly erroneous and the magistrate judge's halving of the plaintiff's hours is also clearly erroneous. This Court does not find that such method by the magistrate judge to be clearly erroneous. However, this Court does feel that because several different motions and several different attorneys with different fees were involved in preparing such motions, that further analysis of the fees to be awarded is necessary. Therefore, as stated above, this Court is remanding this issue for further consideration and possible recalculation if necessary.

## IV. Conclusion

For the reasons stated above, the magistrate judge's order granting in part plaintiff's reasonable expenses (ECF No. 198) is hereby AFFIRMED but REMANDED to the magistrate judge for further consideration and possible recalculation of the fees and expenses to be awarded.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: July 23, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE