IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                          Civil Action No. 5:12CV92
                                                                    (STAMP)

CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST CONSOL ENERGY, INC. FOR FAILURE TO
FILE ANSWER TO THE AMENDED COMPLAINT**

I.   Background

On June 21, 2012, the plaintiff filed the original complaint in this Court. The defendants then filed a motion to dismiss the complaint, which the plaintiff responded to by filing an amended complaint. Thereafter, the defendants filed a motion to dismiss the plaintiff's amended complaint. This Court granted in part and denied in part the defendants' motion to dismiss the amended complaint. As such, certain claims made against the defendants were dismissed. This action now specifically involves claims of racial discrimination and retaliation under Title VII, a claim for

breach of the plaintiff's employment agreement, and a claim for violation of West Virginia's Wage Payment and Collection Act.

Fourteen days after this Court entered its order granting in part and denying in part the defendants' motion to dismiss the amended complaint, the defendants filed the following three docket entries: (1) Consol Energy Inc.'s answer and affirmative defenses; (2) McElroy Coal Company's answer and affirmative defenses; and (3) Consol Pennsylvania Coal Company LLC's answer and affirmative defenses. Twelve days after these docket entries were made, the plaintiff filed a motion for default judgment against defendant Consol Energy, Inc. ("Consol") for failing to answer the amended complaint.

The plaintiff argues that he is entitled to default judgment because although it appeared based on the docket entry text that Consol filed an answer, the actual filing attached to the docket entry is a duplicate of Consol Pennsylvania Coal Company, LLC's ("Consol PA") answer. Therefore, the plaintiff alleges that Consol failed to timely file an answer. Defendant Consol responded in opposition to the plaintiff's motion seeking default judgment, arguing that it has shown an intention to actively defend the suit and default judgment is inappropriate in this situation as it was merely a mistake in docketing. Further, defendant Consol, on the same day the plaintiff filed his motion for default judgment, filed

2

a docket entry containing the correct docket text and attaching defendant Consol's answer rather than Consol PA's answer.

II. <u>Applicable Law</u>

To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a). Under Rule 55(a), an entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Once default is entered by the clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. If the plaintiff's claim is for "a sum certain" or a "sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the clerk under Rule 55(b)(1). However, in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court.

It is well-established in the United States Court of Appeals for the Fourth Circuit that default judgments are to be granted sparingly. <u>See, e.g.</u>, <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 954 (4th Cir. 1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." <u>United States v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982).

III. Discussion

As the defendants state, default should not be entered under Rule 55(a) when a party has shown an intention to actively defend against the suit. See Johnson v. Warner, No. 7:05CV00219, 2009 WL 586730, at *4 (W.D. Va. Mar. 6, 2009). Additionally, this Court agrees that "strong public policy favors resolving disputes on the merits and not by default judgment." Id. (quoting Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001)). It is clear that all defendants intended to actively defend this suit, as is shown from the filing of their motions to dismiss. Further, it is also clear that defendant Consol intended to file a timely answer, but instead erred by attaching the incorrect filing to its original docket entry. This error was remedied immediately upon the plaintiff's filing of the motion for default judgment when defendant Consol made a subsequent filing attaching its answer rather than Consol PA's answer. Based on these facts, and the plaintiff's failure to show any prejudice as a result of this error, this Court denies the plaintiff's motion for default judgment. Prelov v. G.D. Searle & Co., 621 F. Supp. 1146, 1147 (D. Md. 1985) (stating that the court denied the plaintiff's motion for default judgment in the absence of any showing of prejudice as a result of the delay in the defendant filing its answer) (citing Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984)).

IV. Conclusion

For the reasons stated above, the plaintiff's motion for default judgment against defendant Consol for failure to file an answer to the amended complaint (ECF No. 307) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 10, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE