IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                          Civil Action No. 5:12CV92
                                                       (STAMP)

CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION THAT PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AS A SANCTION BE DENIED AND
ORDER THAT PLAINTIFF'S MOTION FOR SANCTIONS
BE GRANTED IN PART AND DENIED IN PART**

I.   Background

The above-styled civil action involves claims of racial discrimination and retaliation under Title VII, a claim for breach of the plaintiff's employment agreement, and a claim for violation of West Virginia's Wage Payment and Collection Act. On July 16, 2013, the plaintiff filed a motion for sanctions against the defendants for abuse of the discovery process. In support of his motion, the plaintiff provided six separate instances where he believes the defendants abused the discovery process. The

plaintiff requests that this Court enter default judgment based on counsel's bad faith conduct and abuse of discovery.  In the alternative, the plaintiff seeks other sanctions such as an award of reasonable expenses in taking certain depositions, an order preventing the defendants from using plaintiff's depositions for any purpose including at trial, and permission to redepose certain witnesses at the defendants' expense.

The defendants, Consol Pennsylvania Coal Company, LLC ("Consol PA"), McElroy Coal Company ("McElroy"), and CONSOL Energy, Inc. ("CONSOL"), responded arguing that sanctions should not be imposed because: (1) the defendants at all times exercised good faith and attempted to communicate with the plaintiff regarding the discovery process; (2) any delay in the production of electronically stored information ("ESI") was the result of a minor miscommunication between the defendants and their counsel; (3) the defendants made numerous attempts to communicate with plaintiff regarding ESI and the additional time needed to complete discovery once the miscommunication regarding ESI was discovered; (4) the details regarding the defendants' review of ESI and the subsequent document production resulting from the defendants' review demonstrate the plaintiff has not been prejudiced; (5) the plaintiff cannot show that the defendants or their counsel withheld the production of documents its employees were asked to produce via subpoenas duces tecum; and (6) even if this Court finds that the plaintiff was

prejudiced, an award of default judgment is not the appropriate remedy.

United States Magistrate Judge James E. Seibert issued a report and recommendation, wherein he recommended that default judgment not be granted as the prejudice to the plaintiff can be alleviated through the imposition of less drastic sanctions. The magistrate judge, however, did order that the defendants pay all reasonable expenses for the redeposition of certain employees, but not for employees which have yet to be deposed. Further, the magistrate judge ordered that the defendants' discovery should be limited to those areas, which they discussed with this Court, but they should not be able to depose plaintiff's Narcotics Anonymous sponsor. Finally, the magistrate judge ordered that the plaintiff is entitled to reasonable expenses for the prosecution of this motion.

The magistrate judge informed the parties that they may object to his report and recommendation and his order within fourteen days from the date of the report and recommendation and order being filed. The plaintiff then filed objections arguing that: (1) the finding of no bad faith and no default was in error; (2) the magistrate judge was incorrect in his ruling that the use of plaintiff's deposition, having been ruled upon in another context, mooted it as a sanction; (2) the magistrate judge's finding that those employees being deposed for the first time should be at

plaintiff's expense is an improper finding; and (3) the magistrate judge was incorrect in finding that the defendants should be allowed further discovery.

The defendants then filed a motion seeking leave to respond to the plaintiff's objections, which this Court granted. Accordingly, the defendants filed a response wherein they argued that: (1) the magistrate judge's ruling finding no bad faith and no default was not error and (2) the order as to the other sanctions sought by the plaintiff was also not in error.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

This Court recognizes that the plaintiff filed a motion seeking default judgment or, in the alternative, other sanctions

for the defendants' abuse of the discovery process. If the magistrate judge had awarded the sanction of default, the motion would be dispositive of this action and therefore require a de novo review if the parties made timely objections to the report and recommendation. See Fed. R. Civ. P. 72(b) (stating that the district judge must determine de novo any part of the magistrate judge's disposition of a dispositive matter that has been properly objected to). A motion for default judgment based on discovery violations, however, is "nothing more than an optimistically labeled motion for sanctions." Segal v. L.C. Hohne Contractors, Inc., 303 F. Supp. 2d 790, 794 (S.D. W. Va. 2004). Therefore, courts have found that the sanction chosen by the magistrate judge, not the sanction sought by the party, governs whether this Court must review the magistrate judge's order de novo after receiving objections, or whether the review is limited a clear error review. Id. at 794-95 (citations omitted). Accordingly, because the magistrate judge declined to recommend the imposition of default judgment and instead ordered that other sanctions be imposed, this Court reviews the magistrate judge's order for clear error.

### III. Discussion

A. Default Judgment

In addressing the plaintiff's motion for sanctions, the magistrate judge first found that default judgment was not the appropriate sanction in this matter. As the magistrate judge

5

indicated, while a court has wide discretion in imposing sanctions, its range of discretion is more narrow when the sanction of default judgment is involved because it is "confronted head-on by the party's right to a trial by jury and a fair day in court." <u>Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.</u>, 872 F.2d 88, 92 (4th Cir. 1989)(citations omitted). As the United States Court of Appeals for the Fourth Circuit stated, this requires the application of the following four part test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

The magistrate judge found that in applying this test, default judgment was inappropriate because it could not reach a conclusion that defendants acted in bad faith. Further, while the magistrate judge did indicate that some prejudice did result from the defendants' actions during discovery and deterrence for this behavior is needed, the magistrate judge found that less drastic sanctions can be effective and reverse most of the prejudice to the plaintiff.

The plaintiff objects to the magistrate judge's finding that there was no bad faith and indicates numerous instances that he believes show that the defendants acted in bad faith during the discovery process. After reviewing the record in this case, this

Court agrees with the magistrate judge's finding that the defendants, while acting in a dilatory manner during the discovery process, were not acting in bad faith. Further, this Court agrees that the other sanctions imposed by the magistrate judge provide the proper deterrence and alleviate much of the prejudice to plaintiff, therefore, making default judgment inappropriate in this matter.

B.  Depositions

The magistrate judge, after finding that default judgment was inappropriate, addressed whether as a sanction, the defendants should be required to pay for all reasonable expenses associated with the depositions of certain persons who the plaintiff sought to depose following the receipt of the previously undisclosed information. Six of the individuals were previously deposed before receipt of the newly disclosed information. Seven of the individuals, however, the plaintiff wished to depose for the first time after receipt of such information. The magistrate judge found that while the plaintiff was entitled to depose all of the witnesses that he requested to depose, the defendants were only responsible for the expenses associated with those individuals previously deposed.

The magistrate judge stated that the defendants allowed those previously deposed individuals depositions to take place without providing the plaintiff with much of his requested discovery, and

the defendants do not provide an explanation for such action. The magistrate judge found that such action warrants sanctions. As to the individuals that the plaintiff wished to depose for the first time, the magistrate judge found that these individuals were disclosed in the defendants' Rule 26 disclosures, the plaintiff must have had personal knowledge of some of these individuals and, further, the plaintiff made the strategic choice not to depose these individuals initially. Therefore, while the plaintiff should be allowed to exceed the deposition limit and depose these individuals, the magistrate judge found that the defendants should not be responsible for the expenses associated with their depositions.

The plaintiff objects to this finding, arguing that the magistrate judge incorrectly stated that the plaintiff was aware of the individuals to be newly deposed, and had the plaintiff had the benefit of all of the newly discovered information when initially choosing who to depose, he may have chosen to depose these specific individuals. This Court finds this objection to be without merit, and after reviewing the record agrees and finds no clear error in association with the magistrate judge's finding. The defendants should be responsible for the redeposition of those individuals who were deposed prior to the defendants providing the requested discovery. This Court, however, does not find it appropriate to order the defendants to pay for the expenses associated with those

being deposed for the first time. The plaintiff did not previously expend resources deposing these individuals, and therefore, the defendants have not caused the plaintiff any loss in association with the deposition of these individuals.

C. Further Discovery by the Defendants

The magistrate judge next found that the defendants were allowed to conduct the following limited discovery: (1) redeposing plaintiff about a previously filed employment discrimination case; (2) deposing Devon Cummings, plaintiff's physician at the Veteran Affairs Hospital; and (3) obtaining plaintiff's medical records from, and deposing Dr. Midcap. The magistrate judge found that such discovery should be allowed because these requests relate only to information recently revealed through the plaintiff's deposition in late May. The magistrate judge, however, found that the defendants were not entitled to depose the plaintiff's Narcotics Anonymous sponsor, as this individual had previously been disclosed to the defendants prior to the plaintiff's deposition.

The plaintiff objected to this finding arguing that the defendants had not made a motion for any of this discovery, and it would result in expense and prejudice to the plaintiff if it was allowed. This Court finds such objection to be without merit. As the defendants indicate in their response to the plaintiff's objections, the plaintiff is the party responsible for recommending the possible sanction of preventing the defendants from

9

participating in further discovery. The plaintiff made such recommendation during the plaintiff's rebuttal argument at the hearing on this motion. ECF No. 326 *83. Therefore, whether the defendants made a motion requesting such discovery is irrelevant, as the plaintiff requested a sanction that would prohibit the defendants from ever making such a motion. Based on the plaintiff's request, the magistrate judge addressed this particular sanction. Further, the discovery allowed is very limited, and this Court agrees with the magistrate judge that such discovery is appropriate as it is a result of information learned at the plaintiff's deposition, which did not occur until later in this litigation. Thus, this Court finds no clear error in the magistrate judge's findings on this matter.

D. Plaintiff's Deposition

In the initial part of the magistrate judge's order, he indicates that the requested relief of not allowing the use of plaintiff's deposition during trial or otherwise, was previously dealt with through a prior report and recommendation concerning the imposition of sanctions against Mr. Cromer, one of the defendants' counsel, for his conduct during the plaintiff's deposition. In that report and recommendation, the magistrate judge indicated that the defendants should not be prevented from using the plaintiff's deposition, but instead that Mr. Cromer should be publicly reprimanded for his actions. Based on this finding, the magistrate

judge determined that he need not again address the imposition of this sanction.

The plaintiff argues that the magistrate judge erred in making the determination that he need not address this possible sanction in relation to this motion. The plaintiff argues that he made additional representations in this motion as to why such a sanction would be appropriate, but the magistrate judge did not provide any further analysis as to why this sanction was inappropriate. This Court finds this objection to be without merit. The plaintiff has not shown how the defendants' actions during discovery, which are complained of in this motion, in any way affected the plaintiff's deposition. Therefore, regardless of why the magistrate judge did not address this possible sanction, this Court finds that such a sanction is not appropriate in response to the complained of actions.

IV. Conclusion

For the reasons stated above, the magistrate judge's report and recommendation that plaintiff's motion for default judgment as a sanction be denied and order that plaintiff's motion for sanctions be granted in part and denied in part (ECF No. 324) is hereby ADOPTED and AFFIRMED. Accordingly, the plaintiff's motion for sanctions (ECF No. 279) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 11, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE