IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                              Civil Action No. 5:12CV92
                                                     (STAMP)

CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING MAGISTRATE JUDGE'S ORDER ON REASONABLE EXPENSES**

I. <u>Background</u>

    The above-styled civil action involves claims of racial discrimination and retaliation under Title VII, a claim for breach of the plaintiff's employment agreement, and a claim for violation of West Virginia's Wage Payment and Collection Act. Numerous discovery motions have been filed in this action and motions for reasonable expenses have also been filed in relation to the discovery motions. On July 23, 2013, this Court entered an order affirming United States Magistrate Judge James E. Seibert's order which granted in part plaintiff's request for reasonable expenses in relation to certain motions to compel and motions for protective orders. This Court, however, remanded the motions to the

magistrate judge for further consideration and possible recalculation of the fees and expenses to be awarded.

The magistrate judge then entered an order recalculating the reasonable expenses. The magistrate judge informed the parties that they may object to his order within 14 days from the date of the order being filed. The plaintiff then filed objections arguing that the magistrate judge's mathematical calculation of the expenses to be awarded for the motion to compel the mine inspection was incorrect.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

III. Discussion

The magistrate judge first found that in relation to the plaintiff's motion to compel discovery responses, the plaintiff was at best 50% successful. The magistrate judge, however, found that only a 25% reduction in the expenses incurred by the plaintiff in this motion to compel was appropriate because this would deter future violations similar to the ones at issue. The plaintiff had submitted $8,202.50 in expenses related to this motion, thus, the magistrate judge reduced this amount by 25% and awarded the plaintiff a total of $6,151.87. The plaintiff does not object to this calculation.

As to the plaintiff's motion to compel the mine inspection, the magistrate judge found that the plaintiff's level of success was 33%. Thus, it reduced the plaintiff's submitted expenses for this motion by 67%, which resulted in an award of $3,273.60. The plaintiff objects to this calculation arguing that the magistrate judge should have reduced the total expenses by only 33%, as the magistrate judge stated in regards to the motion to compel the mine inspection that "[a] 33% reduction based upon Plaintiff's partial success brings the figure down to three thousand two hundred seventy three dollars and sixty cents ($3,273.60)." The plaintiff argues that a 33% reduction would have amounted to an award of $6,646.40 in expenses instead of an award of $3,273.60.

This Court finds, however, that the above quoted statement was merely a typographical error on the part of the magistrate judge. It is clear in the paragraphs leading up to the above-quoted sentence that the magistrate judge found that plaintiff was only 33% successful in regards to this motion, and therefore a 67% reduction in expenses was appropriate. In fact, in a preceding paragraph, the magistrate judge states that "Plaintiff shall only recover 33% of the expenses submitted for prosecution of the motion to compel." The awarded expenses of $3,273.60 is 33% of the plaintiff's submitted expenses, which totaled $9,920.00. Therefore, this Court finds no clear error in the magistrate judge's award for the motion to compel the mine inspection.

## IV. Conclusion

For the reasons stated above, this Court AFFIRMS the magistrate judge's order on reasonable expenses (ECF No. 334), and OVERRULES the plaintiff's objections (ECF No. 340).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 11, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE