IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                    Civil Action No. 5:12CV92
                                                (STAMP)

CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE MAGISTRATE JUDGE'S ORDER
ON THE PRODUCTION OF IN CAMERA DOCUMENTS
AND OVERRULING THE DEFENDANTS' OBJECTIONS**

I.    Background

The above-styled civil action involves claims of racial discrimination and retaliation under Title VII, a claim for breach of the plaintiff's employment agreement, and a claim for violation of West Virginia's Wage Payment and Collection Act. This matter was referred to United States Magistrate Judge James E. Seibert who was designated and authorized to consider the record and do all things proper to decide any nondispositve pretrial motions filed in this case, excluding motions in limine. Thereafter, discovery disputes arose and the parties filed various motions in relation to said disputes.

Included in these motions was defendants' motion for a protective order to limit the topics of a scheduled Rule 30(b)(6) deposition.  The magistrate judge held a hearing on this motion and granted in part a protective order, and limited certain deposition topics that were noticed.  The topic at issue for this order is Topic 17, which asked the corporate defendants to provide a witness to testify to the defendants' efforts to search and identify all information responsive to the plaintiff's discovery requests.  The defendants argued that this material would be protected by the attorney-client privilege and work product doctrine.  In response to this argument, on June 25, 2013, the magistrate judge ordered that: (1) defendants produce a witness to testify about what kinds of documents were searched and the specific actions taken to search; (2) defendants produce a privilege log as required by this Court's Local Rules for all documents withheld on the basis of a privilege to both the plaintiff and the Court; and (3) defendants produce all documents withheld to the Court for an in camera review.  After the magistrate judge conducted the in camera review, he ordered that the defendants produce many of the documents to the plaintiff.

The magistrate judge informed the parties that they may object to his order within 14 days from the date of the order being filed. Thereafter, the defendants filed a motion requesting that this Court stay the magistrate judge's order pending a ruling on their

objections. This Court granted that motion, and the defendants thereafter filed timely objections to the magistrate judge's order on the in camera documents. The plaintiff then filed a motion for leave to respond to these objections, which this Court granted, and the plaintiff thereafter filed his response. For the reasons stated below, this Court affirms the magistrate judge's order on in camera document production and, therefore, overrules the defendants objections.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. Discussion

### A. Documents Submitted Without a Privilege Log

The magistrate judge first found that the following sets of documents, which were marked as privileged must be produced to the plaintiff, as the defendants failed to produce a privilege log as to such documents:

- 084632-086605
- 009655-009656, 009659--009660, 009667-009668, 009681-009682, 009711-009712
- 010112-010126, 010128-010130, 010131-010137, 010153-010156, 010169-010235, 010246, 010261-010316, 010328-010329, 010331-010336, 010350-010355, 010361-010364, 010370-010371, 010377-010383, 010385-010388, 010396-010397, 010402-010500, 010503-010516, 010519, 010524-010525, 010536-010537, 010585-010586, 010619-010620, 010622-010624, 010630-010632, 010635-010638, 010642-010790, 010894-010895, 010897-010902, 010907-010909, 010913-010985, 010988-011069, 011076-011082, 011084-011085, 011091-011126, 011128-011130
- 042792-042795, 042866-042867, 042870-042872, 042876-042877
- 043020-043029, 043032-043037, 043047-043060, 043084-043090, 043158, 043161-043162, 043165-043167, 043169-043170, 043179-043180, 043182-043186, 043198-043200
- 045022-045024, 045033-045051, 045078, 045115, 045184

The defendants objected to this finding for various reasons. They seem to at first argue that these documents are subject to attorney-client privilege and work product doctrine, and therefore are not subject to discovery. This Court finds this objection to be without merit. The magistrate judge did not make any finding regarding whether these documents were subject to such protections, and thus undiscoverable. The magistrate judge specifically stated that the defendants had waived these privileges. Therefore, even if such documents were subject to such privileges, the documents were nonetheless to be provided to the plaintiff based on such waiver. This Court finds no clear error in the magistrate judge's finding that such protections were waived.

As stated by the magistrate judge, this Court has previously held that a "[f]ailure to timely produce a privilege log or the production of an inadequate privilege log may constitute a waiver of any asserted privileges." Herbalife Intern. V. St. Paul Fire and Marine Ins. Co., No. 5:05CV41, 2006 WL 2715164, at *4 (N.D. W. Va. Sept. 22, 2006) (citing Atteberry v. Longmont United Hosp., 221 F.R.D. 644, 649 (D. Colo. 2004)). This Court has noted, however, that the waiver of a privilege may only extend to those cases in which the offending party committed unjustified delay, inexcusable conduct, or bad faith in responding to discovery. Id. In this instance, the magistrate judge found that the defendants conduct was inexcusable, as the defendants have repeatedly failed

to meet their duties under the Federal Rules and the Local Rules, and this conduct adds another unjustified delay in this action. This Court agrees. As part of the magistrate judge's order, ordering the defendants to produce such documents for in camera review, the magistrate judge required that a privilege log be provided. The defendants failed to so, and such direct violation of the magistrate judge's order is inexcusable.

The defendants next seem to argue that these documents should not be produced because they are not relevant to any issue and not responsive to the plaintiff's discovery requests. This Court finds this objection to be without merit as well. If the defendants believed that such documents were not relevant or responsive to the plaintiff's discovery requests, the defendants should have objected to the magistrate judge's order from June 25, 2013, which ordered the defendants to produce all claimed attorney-client privilege and work product protected materials for in camera review. Waiting to object until after the magistrate judge has now ordered the defendants to produce such documents is improper, as any objection to their relevancy and responsiveness should have been made before they were produced to the magistrate judge for review.

Similarly, the defendants object to the production of these documents stating that they were not required to be included in a privilege log as they were created after the litigation in this matter began. Again, such objection should have been made in

relation to the magistrate judge's order on June 25, 2013, wherein the magistrate judge ordered that the defendants produce a privilege log of all claimed attorney-client privilege and work product protected materials, and submit said documents to the Court for in camera review. Objecting to the order wherein the magistrate judge ordered the production of these documents was too late. If the defendants felt that they should not have to comply with the magistrate judge's order to produce a privilege log as to these documents, that objection should have been made directly after the defendants were ordered on June 25, 2013 to produce such documents with a privilege log, not after the August 21, 2013 order wherein they were ordered to produce the documents to plaintiff.

The defendants next object arguing that notwithstanding all of their above arguments, the defendants did include these documents on the privilege log, by referring to the documents collectively as "various and daily communications between Leech Tishman and CONSOL made in the course of litigation and the EEOC proceedings." The defendants argue that this comports with the requirements of a privilege log under Federal Rule of Civil Procedure 26(b)(5)(A)(ii). This Court, however, finds that it does not comport with such rule, and further does not comport with this Court's Local Rule 26.04 that sets forth the requirements for privilege logs submitted in the Northern District of West Virginia. Under Federal Rule of Civil Procedure 26(b)(5)(A)(ii), the

privilege log must "describe the nature of the documents . . . and do so in a manner that . . . will enable other parties to assess the claim."  Local Rule 26.04 states that the log shall include the type of document, the subject matter of the document, the date of the document, and "such other information as is sufficient to identify the document for a subpoena duces tecum."  Even if an argument can be made that the vague information comports with the Federal Rule regarding privilege logs, it certainly does not comport with the Local Rule, as it does not provide the dates for the documents, the subject matter of the documents and does not seem to be sufficient enough to identify the document for a subpoena duce tecum.

The defendants also state that while they believe the privilege log entry is sufficient it has nonetheless now prepared a privilege log specific to this category of documents, which they attach to their objections.  This log should have been produced to the magistrate judge in compliance with the magistrate judge's order of June 25, 2013.  As such, this Court finds that production of such log now is insufficient and does not cure the defendants prior error that resulted in a waiver of any privilege as to these documents.

Finally, as to these specific documents, the defendants argue that they did not engage in bad faith as it relates to the submission of these documents and, therefore, the magistrate

8

judge's finding that the defendants waived any privilege as to these documents is in error. This Court finds this objection to be without merit. First, this Court notes that the magistrate judge did not make a finding of bad faith. The magistrate judge instead, made a finding of inexcusable conduct that resulted in yet another delay of this action. The defendants cite to cases wherein they believe the conduct of the parties in relation to privilege logs is vastly worse than the defendants conduct in this matter and the courts in those actions did not find a waiver of privilege as a result of such conduct. This Court, however, as indicated above, reviews the magistrate judge's orders on nondispositive issues for clear error. This Court finds no clear error in the finding that the defendants conduct in this matter was a result of inexcusable conduct. As stated before, the magistrate judge ordered documents be produced, and ordered them produced with a privilege log. The defendants did not object to this order, yet failed to fully comply with such order. This resulted in yet another delay of this action, as is evidenced by this Court's order on the parties joint motion to extend the discovery deadlines. The parties made the joint motion partially because of the possible documents required to be produced based on this order and the plaintiff's need for these documents prior to redeposing certain individuals. As such, this Court does not find that the magistrate judge erred in finding

that the defendants conduct amounted to inexcusable conduct, which resulted in a further delay of this litigation.

B.  <u>Documents Not Submitted to The Court</u>

The magistrate judge next found that the following documents were to be produced to the plaintiff because the defendants, while submitting a privilege log as to the documents, failed to provide the documents to the Court, which was a direct violation of the magistrate judge's June 25, 2013 order:

- 084632–086605
- 009655–009656, 009659--009660, 009667–009668, 009681–009682, 009711–009712
- 010112-010126, 010128-010130, 010131-010137, 010153-010156, 010169-010235, 010246, 010261-010316, 010328-010329, 010331-010336, 010350-010355, 010361-010364, 010370-010371, 010377-010383, 010385-010388, 010396-010397, 010402-010500, 010503-010516, 010519, 010524-010525, 010536-010537, 010585-010586, 010619-010620, 010622-010624, 010630-010632, 010635-010638, 010642-010790, 010894-010895, 010897-010902, 010907-010909, 010913-010985, 010988-011069, 011076-011082, 011084-011085, 011091-011126, 011128-011130
- 042792-042795, 042866-042867, 042870-042872, 042876-042877
- 043020-043029, 043032-043037, 043047-043060, 043084-043090, 043158, 043161-043162, 043165-043167, 043169-043170, 043179-043180, 043182-043186, 043198-043200

- 045022-045024, 045033-045051, 045078, 045115, 045184

The defendants object to the magistrate judge's order regarding these documents, arguing that they were not required to produce these documents based on the magistrate judge's June 25, 2013. The defendants contend that the magistrate judge's law clerk informed defendants' counsel that the defendants need only provide privileged documents regarding the defendants' efforts to search for and identify all information responsive to the plaintiffs' discovery requests. This Court finds this argument to be without merit. The magistrate judge's June 25, 2013 order states that "Defendants are ORDERED to submit to the Court and counsel for Plaintiff a privilege log as required by the local rules of all claimed attorney client privilege and work product protected materials. Further Defendants are ORDERED to submit said documents to the Court for in camera review on or before July 5, 2013." ECF No. 236. This order in no way qualifies which documents are to be produced, but states that all documents that the defendants claim are protected by the attorney-client privilege or the work product doctrine. As the plaintiff states in response to this objection, if the defendants had a question about the requirements of this order, the defendants were free to file objections to the June 25, 2013 order to seek clarification or their responsibility. As the defendants failed to do so, and this Court has no actual knowledge of the conversation that allegedly occurred between defendants'

counsel and the magistrate judge's law clerk, this Court finds no clear error in the magistrate judge's findings relating to these documents.

C. <u>Documents Not Privileged</u>

The magistrate judge lastly held that the following documents be produced because he found that such documents were not privileged, either because the work product doctrine was asserted for documents not created by a lawyer or not made with an eye toward litigation, or the attorney-client privilege was asserted for documents that contained communications which were not legal in nature:

- 009683-009700
- 010127, 010157, 010236-010245, 010247-010255, 010317-010324, 010330, 010359-010360, 010384, 010389-010395, 010528, 010791-010792, 010827, 010881-010882, 010887, 010892-010893, 010903-010904, 010906, 011139-011143, 011145-011146
- 043181
- 045116, 045185-045189

The defendants object to this finding, arguing that such documents are in fact protected by attorney-client privilege or the work product doctrine. After reviewing these documents, however, this Court finds that such documents are not subject to attorney-client privilege or protected by the work product doctrine. As

such, this Court finds the magistrate judge's finding relating to these documents were not clearly erroneous.

IV. Conclusion

For the reasons stated above, this Court AFFIRMS the magistrate judge's order on in camera document production (ECF No. 333), and OVERRULES the defendants' objections (ECF No. 341). Accordingly, the defendants are ORDERED to produce the documents listed above within **5 days of the date of this order**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 13, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE