IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                              Civil Action No. 5:12CV92
                                                           (STAMP)

CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO STAY THIS
COURT'S ORDER AFFIRMING THE MAGISTRATE JUDGE'S
ORDER ON THE PRODUCTION OF IN CAMERA DOCUMENTS**

I.    Background

On September 13, 2013, this Court entered an order affirming the magistrate judge's order on the production of in camera documents and overruling the defendants' objections ("production order"). In the order affirming the magistrate judge, this Court found that there was no clear error in the magistrate judge's findings concerning the three categories of documents. Specifically, this Court found that there was no clear error in the magistrate judge's finding that the defendants waived any privilege which may have attached to those documents submitted without a privilege log and to those not submitted to the Court. Further,

this Court found that no clear error existed as to the magistrate judge's finding that certain documents were not protected by attorney-client privilege or the work product doctrine. As a result of these findings, this Court ordered that such documents be produced to the plaintiff within five days from the date of the order.

The defendants then filed an emergency motion for stay pending determination of the petition for writ of mandamus with the United States Court of Appeals for the Fourth Circuit. After considering the defendants' motion, the Fourth Circuit granted a seven business day administrative stay of this Court's order affirming the magistrate judge's production order to allow the defendants to seek a stay of the order from this Court. The defendants then filed, with this Court, a motion to stay this Court's order. In this motion, the defendants argue that a stay is appropriate because the failure to grant a stay pending resolution of the petition for writ of mandamus would render the privilege a nullity, which subsequent remediation could not effectively correct. Further, the defendants argue that the plaintiff will not suffer any unfair prejudice, and even so, any prejudice is outweighed by the substantial harm that may result to the defendants from being forced to produce the documents. The defendants also argue that there is a real public interest in staying the order because the public has an interest in

ensuring that information and documents protected by attorney-client privilege and the work product doctrine are not disclosed.

The plaintiff responded in opposition to the defendants' motion to stay, arguing that a stay is improper for various reasons including the defendants' conduct during this litigation, their repeated waivers of opportunities to present a challenge to the required production, and the defendants' waivers of the attorney-client privilege and the work product doctrine. The plaintiff therefore, requests that this Court require immediate production of the documents at issue, and further requests additional relief such as allowing the plaintiff time for full and fair review by him prior to further discovery. This Court notes that if the plaintiff seeks such additional relief other than that awarded in the order at issue, the plaintiff is to file a motion for such relief. Thus, this Court will not address in this order whether such additional relief is appropriate.

For the reasons set forth below, however, this Court denies the defendants' motion for a stay, and orders that the defendants produce the documents in question.

## II. Applicable Law

Federal Rule of Appellate Procedure 8(a)(1) provides that a party seeking a stay of the judgment or order of a federal district court pending appeal must ordinarily move in the district court in the first instance. Fed. R. App. P. 8(a)(1). However, under the

law of the United States Court of Appeals for the Fourth Circuit, the appealing party does not secure a stay merely by initiating the appeal and moving for a stay.  The Fourth Circuit has stated that a party seeking a stay must show: "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay."  Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970).

### III. Discussion

This Court will examine each of the four factors outlined by the Fourth Circuit in turn.  The first factor is the defendants' likelihood of success.  The defendants argue that as to the post-complaint communications which they have been ordered to produce, the law is uniform in that there is no requirement that such post-complaint communications be included in a privilege log at all.  Regrettably, the plaintiff fails to address this issue, or any of the factors that this Court must balance when determining whether to grant a stay of the order.  This Court, however, finds on its own that such an argument will likely fail for the same reasons it failed in relation to the defendants' objections to the magistrate judge's production order.  The magistrate judge ordered that all documents be produced for in camera inspection that the defendants claim are protected by attorney-client privilege or the work

4

product doctrine, and further that a privilege log as is required by the Local and Federal Rules of Civil Procedure be produced in conjunction with such documents. If the defendants did not agree with this order insomuch as they believed that certain documents need not be produced, the defendants were free to object to such order but they failed to make any such objection. Instead, the defendants chose not to produce the documents for <u>in camera</u> inspection in direct violation of the magistrate judge's initial order directing such production for inspection or failed to include such documents in the privilege log, thereby waiving any privilege that may have attached to such documents. Such inexcusable neglect was not cured by the defendants' belated offer to file an updated privilege log in its objections to the magistrate judge's production order. Thus, this Court finds that the defendants will not likely succeed based on the argument they present in their motion to stay.

The defendants next argue that substantial and significant harm to the defendants will result if the stay is not granted, as they will be forced to disclose allegedly privileged documents, and an appeal after disclosure is not an adequate remedy. This Court finds that while the defendants may be harmed in disclosing allegedly privileged documents, the other factors to be considered outweigh this harm. Further, the harm is somewhat negated by the fact that while this Court may be requiring the defendants to

produce such documents during discovery, such an order does not equate to a finding that such documents will be admissible at trial.  <u>WLR Foods, Inc. v. Tyson Foods, Inc.</u>, 65 F.3d 1172, 1184 (4th Cir. 1995).

The third factor requires this Court to examine whether the other party will be harmed by this Court granting the stay.  As to this factor, the defendants argue that the plaintiff will not suffer any harm because he has not shown a substantial need for the documents and he is not entitled to the documents as a matter of course.  Further, the defendants argue that, even so, any harm that will result will be negligible and significantly outweighed by the substantial harm facing the defendants.  This Court disagrees. After a review of the docket, it is clear that numerous delays in this litigation have resulted due to the defendants' conduct during the discovery process.  The plaintiff will suffer yet another delay, and the scheduling order will likely require further amendment if a stay is granted.  Thus, while the defendants may be harmed by the required production, the plaintiff would be harmed by yet another delay, which would include a postponement of the scheduled trial, and this Court does not consider such harm to be negligible.

The last factor asks whether the public interest will be served by granting the stay. The defendants argue that the public has an interest in ensuring that information and documents

6

protected by the attorney-client privilege and the work product doctrine are not disclosed.  While this may be true, the public also has an interest in the expeditious resolution of litigation.  This case was filed over a year ago and various amendments have been made to the initial scheduling order as a result of the defendants' conduct during the discovery process.  Thus, the public interest would be served by allowing this case to proceed on its course, rather than granting the stay of the order at issue, which would most likely result in further amendment of the scheduling order, including a postponement of the trial.  Therefore, after balancing the above factors, this Court finds that a stay of the order affirming the magistrate judge's production order is not warranted.

## IV. Conclusion

For the reasons stated above, the defendants' motion for stay of this Court's order affirming the magistrate judge's order on the production of in camera documents (ECF No. 376) is DENIED and the defendants are ORDERED to produce the documents on or before **Monday, September 30, 2013 by 5:00 p.m.**

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:        September 25, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE