IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY B. CLAY,

    Plaintiff,

v.                                           Civil Action No. 5:12CV92
                                                          (STAMP)
CONSOL PENNSYLVANIA COAL
COMPANY, LLC,
a foreign limited liability
company and subsidiary of
Consol Energy, Inc.,
McELROY COAL COMPANY,
a foreign corporation and
subsidiary of Consol Energy, Inc.
and CONSOL ENERGY, INC.,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING MAGISTRATE JUDGE'S ORDER
DENYING PLAINTIFF'S MOTION SEEKING THE
REVOCATION OF RICHARD CROMER'S PRO HAC VICE ADMISSION
AND OTHER SANCTIONS BUT RECOMMENDING PUBLICLY
REPRIMANDING RICHARD CROMER FOR HIS
CONDUCT AT PLAINTIFF'S DEPOSITION**

I. Background

This civil action involves claims of racial discrimination and retaliation under Title VII, a claim for breach of the plaintiff's employment agreement, and a claim for violation of West Virginia's Wage Payment and Collection Act. During the ongoing discovery process, the defendants took the deposition of plaintiff, Tony Clay. The plaintiff complains of several specific instances during this deposition where the plaintiff believes the conduct of defendants' counsel, Richard Cromer ("Cromer"), was inappropriate.

Such conduct includes defense counsel calling the plaintiff an "idiot" and harassing the plaintiff with questions about his genitals.[1]

Following the deposition, the plaintiff filed a motion seeking the revocation of Cromer's pro hac vice admission and for other additional sanctions as a result of Cromer's conduct during the deposition. The plaintiff specifically requests that not only should this Court revoke Cromer's pro hac vice admission, but the defendants should be limited in their use of plaintiff's deposition testimony, and the plaintiff should be granted attorneys' fees and costs, including reimbursement for all deposition charges and any attendant fees and expenses. In support of the plaintiff's argument, he argues that Cromer violated the local rules concerning lawyer's conduct and examination of witnesses, specifically Local Rule of General Procedure 84.01, which is entitled "Ethical Considerations" and Local Rule of General Procedure 84.02, which is entitled "Bias and Prejudice." The Local Rule regarding ethical considerations states that "attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct adopted by the Supreme Court of Appeals of

---

[1]Other conduct complained of includes questioning the plaintiff's cognitive abilities, his spelling and writing ability, and similar conduct. The magistrate judge, however, found that only the questions concerning the plaintiff's genitals and the name calling warranted reprimand. This Court agrees and, therefore, will refrain from discussing the other incidents in more detail.

West Virginia, and the Model Rules of Professional Conduct." L. R. Gen. 84.01. The plaintiff provided various examples of how he believes Cromer's conduct violated West Virginia's Standards of Professional Conduct, and was thus in violation of this Court's Local Rules.

The defendants filed a response to the plaintiff's motion arguing first that the plaintiff's motion takes Cromer's conduct out of context in an effort to distract this Court from plaintiff's lies and to secure an opportunity to again depose the plaintiff. As to the "idiot" comment, the defendants argue that it was taken out of context because it was spoken to plaintiff's counsel, not the plaintiff himself, and further it was made in response to the plaintiff's counsel's remark that Cromer's questions were "silly." Thus, defendants argue that it was part of a heated exchange between counsel, for which Cromer apologized to the plaintiff. As to the questions concerning the plaintiff's genitals, the defendants argue that these comments were taken out of context, as the plaintiff's remarks concerning his genitals, which Cromer was asking about, are directly at issue in this case. Therefore, the defendants assert that Cromer's questions were not inappropriate. Further, the defendants argue that based on case law, Cromer's conduct does not warrant the invocation of this Court's sanctioning power.

United States Magistrate Judge James E. Seibert held a hearing on the plaintiff's motion and thereafter issued a report and recommendation, recommending that this Court deny the plaintiff's motion seeking the revocation of Cromer's pro hac vice admission and other sanctions, but recommending that this Court publicly reprimand Cromer for his misconduct. In support of his recommendation, the magistrate judge stated Cromer's conduct, specifically calling the plaintiff an idiot and questioning the plaintiff regarding his genitalia, falls far below the behavior permitted by this Court's Local Rules and is discouraged by West Virginia's Standards of Professional Conduct.

The magistrate judge informed the parties that they may object to his order within 14 days from the date of the order. None of the parties filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's recommendation.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake

has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

### III.  Discussion

The report and recommendation of the magistrate judge is not clearly erroneous.  Stated more specifically, it is <u>clearly correct</u>.

Magistrate Judge Seibert recognized the practical nature of present day litigation by acknowledging that ". . . depositions are in their very nature adversarial, and that a deposition will not involve routine exchanges of pleasantries."  ECF No. 294 *2.  That said, the magistrate judge proceeded to note the "limitations on a lawyer's conduct during a deposition, and a lawyer should not engage in conduct that she would not engage in before a judge in a courtroom."  ECF No. 294 *2.  The recommendation then clearly identified two particular instances of conduct that warrant a recommendation that the court issue a public remand to attorney Richard Cromer in his taking of the plaintiff's deposition in this civil action on May 27, 2013: calling the plaintiff an "idiot" and questioning him in some detail about his genitals.

Such conduct violated the Rules of Professional Conduct and the Standards of Professional Conduct adopted by the Supreme Court of Appeals of West Virginia and the Model Rules of Professional Conduct published by the American Bar Association.  These Rules have been adopted by this Court as minimum standards by attorneys

5

practicing before this Court in Local Rule of General Procedure 84.01.

Attorney Cromer's outrageous conduct during the Clay deposition was clearly improper and reprehensible in violation of the Local Rules of the United States District Court for the Northern District of West Virginia, the West Virginia Rules of Professional Conduct and the Standards of Professional Conduct.

Accordingly, this Court adopts Magistrate Judge Seibert's recommendation that the motion seeking the revocation of Richard Cromer's pro hac vice admission and other sanctions be denied but that attorney Richard Cromer be, by this order, publicly reprimanded for his specifically noted conduct at the Clay deposition.

In addition, as suggested, this Court hereby notifies attorney Cromer that any further conduct of the nature so sanctioned will lead this Court to consider revocation of his pro hac vice admission and consideration of whether he should be permitted to continue to practice before this Court.

## IV. Conclusion

For the reasons stated above, the report and recommendation of the magistrate judge that the plaintiff's motion seeking the revocation of Richard Cromer's pro hac vice admission and other sanctions be denied but recommending publicly reprimanding Mr.

Cromer for his conduct at plaintiff's deposition (ECF No. 294) is hereby AFFIRMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to attorney Richard Cromer.  Further, the Clerk is DIRECTED to transmit a copy of this memorandum opinion and order as well as a copy of Magistrate Judge Seibert's report and recommendation (ECF No. 294) to the Disciplinary Board of the Supreme Court of Pennsylvania, District 4 Office, Frick Building, Suite 1300, 437 Grant Street, Pittsburgh, Pennsylvania 15219.

DATED:    September 25, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE